**Pauline McKnight SELLARDS, Appellant,**

v.

**B. & W. COAL COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

June 8, 1962.

Clyde Hobson, Hobson & Stephens, Pikeville, for appellant.

Charles Tackett, Scott Reed (Wallace, Turner & Reed), Lexington, Ky., for appellees.

MILLIKEN, Judge.

Ben Jeff Sellards was killed on September 24, 1958, while operating a bulldozer on property of the appellees, B. & W. Coal Company, et al., a partnership, and his widow, Pauline McKnight Sellards, on behalf of herself and three children, was denied an award by the Workmen's Compensation Board on the ground that the deceased was an independent contractor and not an employee of the B. & W. Coal Company at the time he was killed. The Circuit Court affirmed the conclusion of the Board, and the question presented on this appeal is whether there was substantial evidence to support the conclusion reached.

The evidence discloses that one Clifford Wilson owned a bulldozer which the deceased agreed to operate for him, the two men to split the profits equally between them. Clifford Wilson had previously obtained a grading job at $8 an hour bulldozing on the leased property of the appellees, Clyde Wilson and Willie Blackburn, who were partners doing business as the B. & W. Coal Company, and on the day of the fatal accident the Coal Company representatives showed Clifford Wilson the work they had staked out for the bulldozer. Clifford could not operate the dozer and for that reason he worked out the agreement of splitting the profits with the deceased who could operate the dozer. The father of the deceased testified that it was his understanding from a conversation he had with Willie Blackburn after the accident that the B. & W. Coal Company had

insurance and they would be glad to pay for the son's death. Clifford Wilson testified that Clyde Wilson agreed to pay $8 an hour for the use of the operator and bulldozer, that nothing was said about how the operator of the bulldozer would be paid, and Clyde Wilson confirmed this testimony.

The tests or factors traditionally used for determining the criteria of one's employment status are contained in Restatement of the Law of Agency 2d, Section 220, subsection 2, and are substantially the same as the criteria cited in the First Edition of the Restatement of Agency which is quoted in Locust Coal Company v. Bennett (1959), Ky., 325 S.W.2d 322, 324, and in which opinion we said, "No one of these factors is determinative, and each case must be decided on its own particular facts."

It seems clear from the record before us that the decedent and Clifford Wilson had agreed to take whatever specific job they could get for the bulldozer and split the profits, that they were merely doing a job for the B. & W. Coal Company, that representatives of the latter staked out the work to be done but left the doing of it to the operator of the bulldozer. We find no evidence that the decedent was misled in any way into believing he was protected by Workmen's Compensation coverage of the B. & W. Coal Company when he undertook to operate the bulldozer on their property. We think the evidence justifies the conclusion reached by the Board that the deceased was not an employee of the B. & W. Coal Company, but rather an independent contractor doing whatever job came his way. This is not a case where the construction of a written contract is involved as was presented in Brewer v. Millich (1955), Ky., 276 S.W.2d 12. There is no evidence indicating that the parties thought they were creating a relationship of master and servant when this particular job was undertaken. In fact, whatever payment the B. & W. Coal Company was

to make was to be made to Clifford Wilson at the completion of the work and Clifford thereafter was to split the profit with the decedent.

The judgment is affirmed.