KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION, Appellant,

v.

Geneva R. MURPHY, Appellee.

Supreme Court of Kentucky.

June 25, 1976.

Kenneth A. Howe, Jr., Gen. Counsel, Paul M. Cupp, Dept. for Human Resources, Frankfort, for appellant.

Douglas Carter, Tompkinsville, for appellee.

PER CURIAM.

Geneva Murphy worked as a waitress for Stanford Moore at his restaurant in Tompkinsville for a period of approximately four years. During all of that time her attire for work had been a dress, a uniform, or skirt and blouse. On October 3, 1974, Geneva came to work in a "pants suit." At the close of the day, Moore told her not to come back to work wearing a pants suit. He did not discharge her.

Considering the requirements of Moore unreasonable, Geneva quit work rather than comply. She then filed a claim for unemployment compensation, asserting that the unreasonable demand left her no alternative other than to terminate her employment, thereby causing it to be involuntary. The referee denied benefits on the basis that Geneva had voluntarily left her position without good cause. KRS 341.-370(2)(c). This ruling was affirmed by the commission.

The trial court reversed the order denying benefits, concluding that the dress code was unreasonable because pants suits had become a proper mode of dress for females in all types of employment.

The record before the trial court does not support this ruling. The only supportive facts introduced by Geneva were that sometimes it was a little bit cool in the restaurant and that her job caused her to stoop over from time to time, thereby possibly improperly exposing herself. On the contrary, the evidence of her refusal to return to work is conclusive. The requirement that she not wear a pants suit was her only barrier between employment and unemployment; the choice was solely hers.

It is clearly within an employer's rights to set standards of dress which become guidelines for his employees. Good cause for voluntarily quitting work exists only when the worker is faced with circumstances so compelling as to leave no reasonable alternative but loss of employment. However, the enforcement of a reasonable dress code is a well-recognized prerogative of an employer, particularly in restaurants and other institutions of similar nature and has none of the aspects of unreasonableness or arbitrariness.

The evidence conclusively demonstrates that Geneva was not discharged. The fact that Geneva terminated her employment constitutes her leaving work voluntarily and without good cause, thereby disqualifying her upon a claim for unemployment compensation.

Finally, the trial court's review is limited to the record made before the Kentucky Unemployment Insurance Commission, and the findings of fact of that commission will not be disturbed in those instances where it has found against a claimant unless the evidence is so persuasive that one would have no choice but to find for the claimant. Such was not the case in this proceeding.

The judgment is reversed.

All concur.