**Barbara HELM, Appellant,**

v.

**KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION and Christopher South Nursing Home, Appellees.**

Court of Appeals of Kentucky.

Dec. 21, 1979.

Robert G. Bardin, Legal Aid Society of Louisville, Inc., Louisville, for appellant.

Ann T. Hunsaker, Dept. for Human Resources, Frankfort, for appellee, Kentucky Unemployment Ins. Commission.

Before COOPER, HOWERTON, and REYNOLDS, JJ.

HOWERTON, Judge.

Barbara Helm appeals from an order of the Jefferson Circuit Court affirming the decision of the Kentucky Unemployment Insurance Commission denying unemployment insurance benefits to her on the basis that she voluntarily quit her job without good cause. KRS 341.370(2)(c). The facts are not in dispute, and the sole issue is whether the facts support the Commission's conclusion that Mrs. Helm left her job without good cause.

Helm had been employed by the Christopher South Nursing Home for approximately four years. She left her work without permission to accompany her daughter to San Clemente, California, in an attempt to dissuade her son-in-law from deserting the U.S. Marine Corps. Helm had requested time off or a leave of absence in order to make the trip, but her request was denied because of a shortage of help at the nursing home. She admitted that she realized that if she made the trip, she would probably not have her job when she returned.

Possibly as a result of the trip, the son-in-law did not desert the Marine Corps. She met with him for approximately seven hours, and when he had departed for Okinawa, Helm and her daughter returned to Louisville. She was then informed that she no longer had a job at the nursing home.

Helm filed for unemployment benefits, but her claim was denied on the grounds that she voluntarily quit her job without good cause. This determination was affirmed by the referee on April 19, 1978, and by the Kentucky Unemployment Insurance Commission on August 31, 1978. The Jefferson Circuit Court affirmed the Commission's decision on May 3, 1979.

Helm argues that the standard for judging "good cause" is one of reasonableness, and that under the circumstances, she left her job in a reasonable manner and for reasonable cause. She cites *Kentucky Unemployment Insurance Commission v. Murphy*, Ky., 539 S.W.2d 293, 294 (1976), as espousing the most recent definition of good cause wherein the opinion reads:

Good cause for voluntarily quitting work exists only when the worker is faced with circumstances so compelling as to leave no reasonable alternative but loss of employment.

In *Murphy*, the court found that a waitress who quit her job, rather than comply with her employer's prohibition against wearing pantsuits, did not have good cause.

Helm also cites *Cantrell v. Kentucky Unemployment Insurance Commission*, Ky., 450 S.W.2d 235 (1970), as being factually akin to her situation, as it involved family considerations. In *Cantrell*, the court found that a woman who quit her job to nurse her terminally-ill husband had good cause. "Good cause usually is regarded as a reason sufficient in ordinary circumstances of an urgent and personal nature to justify leaving employment." *Cantrell, supra*, at 237.

Mrs. Helm contends that the threat of her son-in-law's desertion was an urgent personal problem justifying her departure. She states that she exhausted every reasonable alternative before making the decision to travel to California, and that she had many phone conversations with her son-in-law trying to dissuade him from deserting. An attempt was also made to place a call to the Red Cross and to the commanding officer. The son-in-law's parents would not intervene, and Mrs. Helm's husband's health prohibited him from making the trip. She was also of the opinion that her daughter was incapable of handling the situation.

Mrs. Helm also argues that the standard applied by the Commission in denying her claim was that quitting for domestic reasons did not constitute good cause. She argues that there is no rule of law under KRS 341.370(2)(c) that require such a finding when a person leaves a job for domestic reasons, and that *Cantrell, supra*, expressly recognizes that certain family-related matters may constitute good cause for quitting a job.

■ While this Court would agree that the demands of certain domestic situations may constitute good cause for leaving employment, *Cantrell, supra*, we must nevertheless conclude that there is substantial evidence to support the determination that good cause was not present in this case. As noted above, the most recent definition of good cause is that it is present "only when the worker is faced with circumstances so compelling as to leave no reasonable alternative but loss of employment." *Murphy, supra*. Here, there was ample evidence to support a finding that Helm had reasonable alternatives which had not been exhausted. As to the idea of contacting someone at the Marine base who would be in a position to counsel the son-in-law, the record indicates that only one attempt was made to contact the commanding officer or the Red Cross, and in neither instance are we told why these attempts proved futile or why further attempts were not made.

We appreciate Mrs. Helm's concern that her daughter might not be able to handle the situation alone, but the son-in-law's letter to the daughter, which was introduced in evidence, indicated strongly that he might be swayed by his wife. In the face of such a possibility that the daughter could influence her husband, especially if she was assisted by base personnel or a chaplain, we cannot agree that sending the daughter alone would have been an unreasonable alternative, particularly in light of the fact that Helm would almost certainly lose her job.

While we agree with Helm that the referee improperly stated, in essence, that whenever a worker quits a job for domestic reasons that worker must be found to have quit without good cause, we believe that the ultimate result reached in this case was proper. When the facts in this case are applied to the definition of good cause, we conclude that there was substantial evidence to support the finding of the Commission.

The judgment is therefore affirmed.

All concur.