PER CURIAM.
Okaloosa Guidance Clinic appeals an order of the Unemployment Appeals Commission finding that appellee, Walter Davis, was eligible for unemployment compensation.
The record reflects that the Clinic’s alcohol detoxification unit hires nondrinking alcoholics to assist with, and serve as models for, patients. Davis, who had been sober for some ten months, was hired on October, 1977. At his employment interview, he was advised that sobriety was a condition of employment. He performed his duties satisfactorily until August 26, 1978, when he began drinking again. The next day, he called his supervisor, who told him to stop drinking and report to work the next morning. He failed to do so, however, and later that day was delivered in an intoxicated state to the detoxification unit. Officials sent him to a Pensacola detoxification center because they thought it would be detrimental for the patients to learn that one of the staff had resumed drinking. Davis remained in Pensacola only four hours before checking himself out. He reported to work in an intoxicated condition. He then was offered treatment at appellant’s clinic but refused it. On August 29, his supervisor recommended he be fired, and he was.
A claims examiner determined that Davis’ actions were not misconduct which would disqualify him from unemployment compensation under § 443.06(9)(a) or (b), and this conclusion was affirmed by an appeals referee as well as the Commission.
We REVERSE. Davis was terminated for misconduct,[1] which included failure to report to work as ordered, removal of him *1337 self from an employer-provided opportunity to be treated, subsequent refusal to be treated by the employer, coming onto the employer’s premises in an intoxicated condition, and absence from his duties, all of which placed a burden on the employer to perform its function with a reduced staff. Davis’ actions constituted misconduct as defined by § 443.06(9)(a):[2]
Conduct evincing such willful or wanton disregard of an employer’s interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee .
See, Tucker v. Florida Department of Commerce, 366 So.2d 845 (Fla. 1st D.C.A.1979); Castillo v. Florida Department of Commerce, 253 So.2d 162 (Fla. 2d D.C.A.1971).
The employer here hires known alcoholics. Termination of such employees for work-related misconduct under § 443.06 is not precluded simply because the grounds of that misconduct are related in some manner to the employee’s resumption of drinking.[3] Appellant does not argue that the alcoholic employee who relapses is thereby guilty of misconduct under § 443.06. On the contrary, because appellant seeks to hire and maintain a staff of sober alcoholics, both by way of affording jobs for those hired and to set an example for those being treated, appellant clearly recognizes the recurrent problems associated with alcoholism. It is not the purpose of Florida Statutes, Chapter 443 to penalize the termination, under proper circumstances, of such an employee.
Accordingly, the order below is REVERSED.
ROBERT P. SMITH, Jr. and BOOTH, JJ., concur.
SHAW, J., dissents with opinion.

. Carvin, “ ‘Misconduct’ Under Florida Unemployment Compensation,” St.Fla. Bar Journal 489 (June 1980).

. Appellees, as support for their argument that the decision below should be affirmed, cite Rule 8B-2.17(5)(d), FAC: Where the individual’s use of alcohol and drugs is a factor in his being discharged, consideration must be given to the possibility of the individual’s being addicted to these substances. When it is determined that the individual is suffering from alcoholism or drug addiction, in the medical sense, and that condition is a factor in his separation from employment, it is appropriate to consider, the alcoholism or drug addiction as an illness in determining the individual’s eligibility for benefits.
We need not consider the administrative rule because it was not in effect at the time of Davis’ termination and because he was not fired for alcoholism.