Kenneth RAINES, Appellant,

v.

KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION and Belden Corporation, Appellees.

Court of Appeals of Kentucky.

Opinion Rendered Aug. 5, 1983.

Case Ordered Published By Court of Appeals Sept. 9, 1983.

Rehearing Denied Jan. 13, 1984.

Discretionary Review Denied by Supreme Court May 2, 1984.

John Paul Jones, II, Frazer & Jones, Monticello, for appellant.

Paul F. Fauri, Gen. Counsel, Martin Z. Kasdan, Jr., Frankfort, William F. Moore, Jr., Bertram, Moore, Germain & Thomas, Monticello, for appellees.

Before HOWERTON, COOPER and DUNN, JJ.

DUNN, Judge.

Appellant appeals from the Wayne Circuit Court judgment affirming the Kentucky Unemployment Insurance Commission's finding that appellant was not entitled to benefits.

Appellant, Kenneth Raines was employed by appellee Belden Corporation as a cable operator from June 2, 1980, till January 24, 1981. His base salary of $3.96 per hour was augmented by a bonus calculated on the basis of production quotas which differed with the type of cable and the type of machine appellant was using.

Appellant's average bonus was 33⅓% of his hourly wage until he was transferred to another machine. At that time, his average bonus decreased to about 26%. Raines worked on the other machine for three weeks. On January 24, 1981, he terminated employment because of the reduction in bonus.

Appellant was denied unemployment benefits. He applied for and received a hearing resulting in the referee ruling that appellant was not entitled to benefits. The Kentucky Unemployment Insurance Commission upon review affirmed that decision. Pursuant to K.R.S. 341.450, Raines appealed to the Wayne Circuit Court. It affirmed the Commission's decision. It is from that judgment that he appeals.

■ Judicial review of an award of the Unemployment Insurance Commission is governed by the rule that if the findings of fact are supported by substantial evidence of probative value, then they must be accepted as binding and it must then be determined whether or not the administrative agency has applied the correct rule of law. *Southern Bell Telephone and Telegraph Company v. Kentucky Unemployment Insurance Commission*, Ky., 437 S.W.2d 775, 778 (1969). Appellant argues that the circuit court did not do so. We disagree.

■ The crux of the issue is whether appellant's reduction in bonus is "good cause" for voluntarily leaving his employment. K.R.S. 341.370(1)(c) provides that a worker shall be disqualified from receiving

benefits for the duration of any period of employment with respect to which he has left his most recent suitable work without good cause. "Good cause" exists only when the worker is faced with circumstances so compelling as to leave no reasonable alternative but loss of employment. *Kentucky Unemployment Insurance Commission v. Murphy*, Ky., 539 S.W.2d 293 (1976).

■ Appellant submits that the case of *International Spike Incorporated v. Kentucky Unemployment Insurance Commission*, Ky.App., 609 S.W.2d 374 (1980), is the controlling law of the case at hand. In *International Spike* it was noted that Kentucky has not adopted a "substantial reduction in salary" rule as good cause for voluntarily terminating employment. *Id.* While the facts of *International Spike* are similar to the facts here, the case is not controlling because the workers there suffered a 21 to 33 percent decrease in salary. There this court held, in affirming the commission and the circuit court, that under those facts the decrease was sufficiently significant to render the worker's voluntary termination to be with good cause. Here, Raines suffered a 5 or 6 percent reduction in bonus. We agree with the circuit court in determining this reduction was insufficient to constitute good cause.

We also agree with the circuit court in further distinguishing *International Spike* from the instant case in that here there is no proof the reduction was permanent as was the situation in that case.

Our conclusion is, therefore, that appellant was not faced with circumstances so compelling as to leave no reasonable alternative but loss of employment and that his claim for compensation should be denied.

The judgment is AFFIRMED.

All concur.