Trula M. EGNEW, Appellant,

v.

KENTUCKY UNEMPLOYMENT INSUR-
ANCE COMMISSION and Covington
Haus, Appellees.

Court of Appeals of Kentucky.

Aug. 24, 1984.

Richard A. Cullison, Northern Kentucky Legal Aid Society, Inc., Covington, for appellant.

Hughes Walker, Gen. Counsel, William K. Moore, Cabinet for Human Resources, Office of the Counsel, Frankfort, for appellee Kentucky Unemployment Insurance Commission.

Before COMBS, COOPER and REYN-OLDS, JJ.

REYNOLDS, Judge.

This appeal is from a judgment of the Kenton Circuit Court which affirmed the Kentucky Unemployment Insurance Commission's denial of the appellant's claim for unemployment benefits.

The appellant, Trula Egnew, was employed by appellee Covington Haus for nine months as supervisor in charge of the dining room. During the course of her employment, Ms. Egnew missed a great deal of work because of her alcohol problem. She was permitted to return to work after her absences during February, March and

April, 1981. Ms. Egnew appeared but was unable to work on June 24, 1981, and had to be taken home by other employees since she was unable to walk on her own. She did not return to work after that, although the evidence indicates that she was in contact with her employer. Ms. Egnew informed her employer on more than one occasion that she would be of no use in her condition, and when Ms. Egnew did not report back to work by July 7, 1981, she was terminated from the employment records.

Ms. Egnew's first claim for unemployment insurance was denied on the grounds that she had been discharged for misconduct. An appeal was taken from this determination, and the referee set aside this determination, finding that she was not discharged for misconduct, since "alcoholism must be treated as a disease."

Covington Haus then appealed the referee's decision to the Commission. The Commission adopted the referee's findings of fact, but also found:

> The claimant had missed work on numerous occasions. Some absences were for compelling reasons. Others were caused by the alcoholism problem. She had been allowed to return to work on two to four occasions when off work for extended periods for that problem.

> The last absence commenced on June 24, 1981. On July 11, she was hospitalized for about five days. After release and a few days of recuperation, she learned that the employer would not permit her to return to work. During the absence, she was in contact with the employer and expressed that she was of no use to the restaurant in her condition.

The Commission then stated that Ms. Egnew had voluntarily quit her employment, stating:

> The nature of a separation from employment is determined by examining how the separation actually occurred and which party caused the separation to take place. If the worker initiates the separation it is a quitting; if the employer does so it is a discharge. In this case the evidence clearly shows that the claimant's actions caused her to become unemployed. Although this Commission fully acknowledges that alcoholism is a disease, we cannot accept it as an excuse to totally relieve anyone of the responsibility for their actions. Therefore, claimant quit her job and without good cause attributable to her employment.

Ms. Egnew appealed this decision, and the Kenton Circuit Court affirmed the Commission.

Appellant Egnew urges that this court should reinstitute the referee's order because "a discharge for absenteeism due to alcoholism is not for misconduct," and that the Commission's finding of a voluntary quitting of employment is not supported by substantial evidence. Appellant argues the Commission "switched issues" while the case was on appeal, depriving Ms. Egnew of due process of law.

We address the issue of whether the Commission's findings of fact were supported by substantial evidence and determine from the record that Ms. Egnew was frequently absent from work and, during her last absence, told her employer that she was of no use to the restaurant in her condition. We agree that the Commission's finding that her actions initiated the separation from employment were supported by the evidence. These findings of fact may not be disturbed unless the evidence is so persuasive that one would have no choice but to find for the claimant. *Kentucky Unemployment Ins. Commission v. Murphy*, Ky., 539 S.W.2d 293 (1976). Both Covington Haus' owner and Ms. Egnew testified that her separation from employment came only after she had failed to appear at work for a considerable length of time. We believe the Commission correctly found that Ms. Egnew's continued absence from her work without the employer's con-

sent constituted a voluntary abandonment of employment.

 Further, we do not believe that alcoholism precludes a finding of misconduct or of voluntarily quitting one's employment. Appellant, in arguing that Ms. Egnew's disease of alcoholism necessitates a reversal of the Commission's findings, cites the case of *Moeller v. Minnesota Dept. of Transp.*, 281 N.W.2d 879 (Minn. 1979), for the proposition that an alcoholic should not be held strictly accountable for his actions. This blanket statement does not accurately reflect the holding in *Moeller*. The Minnesota court, in holding that Moeller was entitled to unemployment benefits, was construing a statute which required a claimant to have made "reasonable efforts" to retain his employment. This case is therefore distinguishable to the situation currently at bar.

Our Kentucky statute is more similar to the Florida one cited in *Okaloosa Guidance Clinic, Inc. v. Davis*, 384 So.2d 1336 (Fla.App.1980), in which it was stated:

> ... Davis was terminated for misconduct, which included failure to report to work as ordered, removal of himself from an employer-provided opportunity to be treated, by the employer, coming onto the employer's premises in an intoxicated condition, and absence from his duties, all of which placed a burden on the employer to perform its function with a reduced staff. Davis' actions constituted a misconduct as defined by § 443.06(9)(a).... *Id.* at 1336.

The Kentucky General Assembly has also pointed out in KRS 341.370(6), that:

> "Discharge for misconduct" as used in this section shall include but not be limited to separation initiated by the employer for ... reporting to work under the influence of alcohol or drugs or consuming alcohol or drugs on employer's premises during work hours....

Thus, we cannot say that the fact that an employee is an alcoholic precludes either the finding of a voluntary quitting or of misconduct. On the contrary, the use of alcohol affecting one's ability to work, such as appearing at work inebriated, would seem to disqualify the claimant from unemployment benefits.

 Finally, appellant argues that she was deprived of due process of law because the Commission did not confine itself to the issue of whether her conduct constituted misconduct, and considered other potential disqualifications from benefits. We do not agree. The basic issue, in basic terms, was whether an employment separation results in an entitlement to unemployment benefits when the separation is caused/brought about by excessive absenteeism due to alcoholism. We determine that appellant had a full/fair opportunity to state her position and receive a full hearing. Appellant accepted the findings of fact made by both the referee and the Commission but the disagreement stems from the Commission's eventual conclusion of law. We find no error.

The judgment of Kenton Circuit Court is affirmed.

All concur.