**KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION, Commonwealth of Kentucky, Appellant,**

. v.

**MELVIN'S GROCERY CO., INC. and Bruce A. Meade, Appellees.**

Court of Appeals of Kentucky.

Sept. 20, 1985.

R. Hughes Walker, General Counsel, Terry L. Morrison, Staff Atty., Frankfort, for appellant.

Eugene C. Rice, Rice, Preston & Brown, Paintsville, for Melvin's Grocery.

Bruce A. Meade, Pro Se.

Before HOWARD, HOWERTON and LESTER, JJ.

HOWERTON, Judge.

The Kentucky Unemployment Insurance Commission appeals from a judgment of the Johnson Circuit Court reversing its decision to award unemployment benefits to Bruce A. Meade at the expense of Melvin's Grocery Co., Inc. Meade quit a part-time position he had at the grocery to accept what he believed to be permanent, full-time employment. The new job lasted one-and-one-half weeks and he then applied for unemployment benefits based on his prior employment at the grocery. The referee determined that Meade had voluntarily quit and that he was disqualified from receiving benefits. The commission determined that he voluntarily quit for good cause and authorized benefits. The Johnson Circuit Court reversed that decision, and we now have this appeal. The primary issue is whether Meade had good cause to terminate his employment with Melvin's Grocery Company.

Meade was employed by the grocery for approximately three years as a part-time "carry-out" employee. He worked 15 to 20 hours per week and was paid $3.60 per hour. The referee determined that during the course of employment, Meade had not received any warnings or complaints pertaining to his work performance. He left his employment with the grocery on October 4, 1983, to accept what he believed to be more gainful employment. Continued work was available for him at the grocery at the time he quit. We accept these facts as correct.

The commission reviewed the case and concluded that "good cause exists for one to leave part-time work to accept full-time permanent employment, and that such voluntary quitting is attributable to the part-time work because the employer is either unable or unwilling to furnish full-time work." Neither the Johnson Circuit Court nor this court can accept that reasoning. We note that one of the commissioners dissented and reasoned that even if Meade had a good cause for leaving his job at the grocery in an attempt to better his economic circumstances, the employer should not have charges levied against its reserve account because Meade's quitting was in no way the fault of the employer.

KRS 341.370(1)(c) provides a disqualification from benefits for one who voluntarily quits any suitable work. One may voluntarily quit and receive benefits, if the leaving was based on "good cause." "Good cause" for voluntarily quitting work has been found to exist "only when a worker is faced with circumstances so compelling as to leave no reasonable alternative but loss of employment." *Ky. Unemployment Insurance Commission v. Murphy*, Ky., 539 S.W.2d 293 (1976). Meade clearly was not faced with any compelling circumstance to classify his voluntary termination as one with "good cause."

The primary key in resolving conflicts such as this must be based on who causes the employee to quit. There is no evidence of any mistreatment or harassment which caused Meade to quit. The employer had provided Meade with part-time work for three years. There was never any promise of full-time employment which went unfulfilled. The mere fact that one who has part-time employment desires to leave to obtain full-time employment is not such good cause as can subject an employer to the penalty of paying unemployment compensation when the new job falls through. There is no known conspiracy in this situation where Meade left on a promise of full-time employment but had nothing after one-and-one-half weeks. It was Meade's mistake to leave his part-time employment without a better guarantee of full-time employment from his new employer.

The order and judgment of the Johnson Circuit Court is affirmed.

All concur.