Anthony WILSON, Appellant,

v.

KENTUCKY UNEMPLOYMENT IN-SURANCE COMMISSION and Irving Materials, Inc., Appellees.

No. 2007–CA–002242–MR.

Court of Appeals of Kentucky.

Nov. 21, 2008.

Dennis R. Carrithers, Louisville, KY, for appellant.

Tamela A. Biggs, Frankfort, KY, for appellee, Kentucky Unemployment Insurance Commission.

No Brief or Oral Argument for appellee, Irving Materials, Inc.

Before LAMBERT, STUMBO, and THOMPSON, Judges.

## OPINION

STUMBO, Judge.

This is an appeal from an opinion and order of the Jefferson Circuit Court which affirmed an order of the Kentucky Unemployment Insurance Commission (hereinafter Commission) denying Anthony Wilson (hereinafter Appellant) benefits because he did not make a reasonable effort to obtain work. Appellant claims that the referee's decision and Commission's order affirming are based on an issue that was not set forth in the Notice of Administrative Hearing and, therefore, must be set aside. Specifically he claims that the issue stated was whether he was "able to work and was available to work," not whether he was actively seeking work. He also argues that the statute which sets forth the conditions of benefit eligibility states that the unemployed must be reasonably seeking work, not actively seeking work, and that under the circumstances he was reasonably seeking work.

The Commission argues that the order denying benefits should be affirmed and that Appellant did not preserve the issue of setting aside the referee's and Commission's orders because he did not raise it during the administrative proceedings. We find that the issue of setting aside the orders was not preserved, but that the Commission used an incorrect standard in its denial of benefits. We therefore reverse and remand to the hearing officer to apply the correct standard.

Appellant drove a concrete truck for Irving Materials, Incorporated. On May 26, 2006, he broke his left foot and suffered ligament damage. On June 4, 2006, Appellant's foot had healed sufficiently so that his doctor allowed him to return to work, but only in a "light duty" capacity. His employer did not have any light duty work available. Appellant testified that he would be able to return to his original job when he was released by his physician for work without restrictions.

On June 4, 2006, after being released for light duty by his doctor, Appellant applied for unemployment benefits. Around this time he also informed his union of his ability to perform light duty work, but the union was unable to find him temporary employment. Appellant's application for unemployment benefits was denied because he was not "actively" seeking employment. Appellant appealed this determination.

The notice of hearing on appeal stated that the issues to be determined were Appellant's ability and availability to work. The appellate referee denied benefits because Appellant had not been actively

seeking work and that he was not available for work due to his medical restrictions. This decision was then appealed to the Commission which affirmed the referee in all respects.

Finally, Appellant appealed to the Jefferson Circuit Court which affirmed the decision. The circuit court held that Appellant's efforts to obtain work were not reasonable. The court stated that once Appellant was informed the union would not be able to find him light duty work, he should have applied for jobs elsewhere. At present, Appellant's injury has healed and he has returned to his job at Irving Materials, Incorporated.

Appellant's first argument is that the orders of the appellate referee and Commission should be set aside because they were based on a determination that he was ineligible for benefits because he did not actively seek other employment. He contends this was not the issue set forth in the notice of hearing on appeal. As stated above, the Notice of Administrative Hearing stated that the issues to be resolved were whether Appellant was "able to work and was available to work." We find that this issue was not preserved for our review because it was not raised below. "It is well settled that failure to raise an issue before an administrative body precludes the assertion of that issue in an action for judicial review...." *Urella v. Kentucky Bd. of Medical Licensure,* 939 S.W.2d 869, 873 (Ky.1997).

We now move to the crux of Appellant's argument, which we believe does have merit. Appellant argues that the decisions below were based on an incorrect standard and that, had the correct standard been used, he should have been awarded the benefits. All denials of Appellant's receipt of benefits, up until the Jefferson Circuit Court, were based on a finding that he was not *actively* seeking

work. Kentucky Revised Statute (KRS) 341.350(3)-(4) sets forth the conditions that must be met in order to be eligible for unemployment benefits. In order to receive the benefits, a claimant must be physically and mentally able to work and he must be "available for suitable work, and making such reasonable effort to obtain work as might be expected of a prudent person under like circumstances...." KRS 341.350(3)-(4).

The judicial standard of review of an unemployment benefit decision is whether the KUIC's findings of fact were supported by substantial evidence and whether the agency correctly applied the law to the facts. Substantial evidence is defined as evidence, taken alone or in light of all the evidence, that has sufficient probative value to induce conviction in the minds of reasonable people.

*Thompson v. Kentucky Unemployment Ins. Comm'n,* 85 S.W.3d 621, 624 (Ky.App.2002)(footnote omitted). "Upon determining that the Commission's findings were supported by substantial evidence, the court's review is then limited to determining whether the Commission applied the correct rule of law." *Burch v. Taylor Drug Store, Inc.,* 965 S.W.2d 830, 834–35 (Ky.App.1998).

Even though the circuit court used the reasonableness standard, we must consider the findings of the Commission. As such, we find that the Commission used the incorrect rule of law in denying Appellant's benefits. KRS 341.350(3)-(4) states that a person must be physically and mentally able to work, must be available for suitable work, and must be making a *reasonable* effort to obtain work. The statute clearly states that Appellant must have been making a reasonable effort to obtain work, not actively seeking work. Under the circumstances presented in the instant case,

there is a difference in actively and reasonably seeking work.

For example, since Appellant was only temporarily without work, seeking employment through his union could be seen as reasonably seeking work. However, since Appellant only inquired with his union and, once they could not find him work, did not attempt to seek employment from other sources, this might not qualify as an active search. As noted in *Kentucky Unemployment Ins. Comm'n v. Louisville Builders Supply Co.*, 351 S.W.2d 157, 162 (Ky.1961), "work shall not be deemed 'suitable' if the acceptance of such work would be prejudicial to the continuance of an established employer-employee relationship...."

For these reasons, we reverse and remand this case to the unemployment insurance hearing officer to apply the "reasonable effort to obtain work" standard set forth in KRS 341.350(4) and not the "actively seeking work" standard.

ALL CONCUR.