KENTUCKY UNEMPLOYMENT
INSURANCE COMMISSION,
Appellant,

v.

BOONE COUNTY BOARD OF
EDUCATION; and Rex
Freihofer, Appellees.

No. 2010–CA–000083–MR.

Court of Appeals of Kentucky.

Nov. 4, 2011.

Patrick B. Shirley, Frankfort, KY, for appellant.

Gerald F. Dusing, Jason C. Kuhlman, Covington, KY, for appellee.

Before ACREE, DIXON and KELLER, Judges.

## OPINION

ACREE, Judge:

The Kentucky Unemployment Insurance Commission (the Commission) has appealed an order of the Boone Circuit Court which held that substitute teaching does not qualify as covered employment pursuant to Kentucky Revised Statute (KRS) 341.055(4)(e) and KRS 341.050(1)(a), rendering substitute teachers categorically ineligible for unemployment benefits. Following careful review, we reverse in part, vacate in part, and remand to the Commission for an evidentiary hearing.

### I. Facts and procedure

While substitute teaching in a Boone County, Kentucky elementary school, Rex Freihofer was accused of inappropriately touching a fourth-grade student. Boone County Board of Education (the school board) administrators placed Freihofer on inactive status[1] and alerted local law enforcement officials and the Kentucky Cabinet for Health and Family Services of the allegations.[2]

Freihofer applied for unemployment benefits. The school board contested his eligibility for benefits, contending Freihofer had been discharged for violating the school board's code of ethics. The school board's statement to the Division of Unemployment Insurance contesting the award of benefits to Freihofer also included the

---

1. Placing Freihofer on inactive status amounted to a discharge because it rendered him ineligible to receive substitute teaching assignments from the employer.

2. No criminal charges were filed against Freihofer, and the Cabinet determined the accusations were "unsubstantiated."

following language: "substitute employees work on an 'as needed' basis."

According to the only determination[3] in the record, an investigator concluded Freihofer was entitled to receive benefits because he had not engaged in misconduct connected to the work by violating the employer's rule or policy. KRS 341.360(4) and KRS 341.370(6). There is no determination in the record regarding the employer's assertion that Freihofer was ineligible because, as a substitute, he worked only on an "as-needed basis," thereby raising the issue of whether substitute teaching was covered employment for purposes of KRS Chapter 341.

The employer appealed to a referee. A referee conducted a hearing at which she informed the parties that the only issue before her was that which was listed in the determination, *i.e.*, whether the claimant was ineligible for unemployment benefits because he had committed a violation of the employer's rule or policy. The referee never addressed the issue of whether substitute teaching was covered employment under KRS Chapter 341.[4]

Evidence presented at the hearing mostly concerned whether Freihofer did, in fact, touch the student inappropriately, though the employer presented some evidence of the nature of the employment relationship.

Following the hearing, the referee issued a decision concluding Freihofer had not been discharged for misconduct connected with the work.

The employer appealed the decision to the Commission. In its statement of appeal, the employer protested that the referee had not addressed the argument that the employment was not "covered" by KRS Chapter 341, and that therefore Freihofer was ineligible for unemployment benefits under any circumstances. The school board also disputed the factual finding that Freihofer had not been discharged for misconduct connected to the work. The Commission affirmed the referee's order without addressing whether the employment was covered and without remanding the dispute to a referee for such a finding.

The school board then appealed the Commission's order to the Boone Circuit Court, arguing that Freihofer had been discharged for misconduct and that substitute teaching was not covered employment, among other grounds. The circuit court reversed the Commission's order, concluding Freihofer was not entitled to benefits because substitute teaching was not covered employment pursuant to two sections of KRS Chapter 341. The circuit court did not address the issue of misconduct.

The Commission has appealed the circuit court's order to this Court. On appeal, the Commission presents essentially two arguments that the circuit court erred

3. We refer to the "determination" as that term is defined in KRS 341.420 and 787 Kentucky Administrative Regulation (KAR) 1:110. The statute and regulation provide a thorough explanation of the terminology and the appeals process which accompany claims for unemployment benefits.

4. The employer's written request for an appeal, mandated by 787 KAR 1:110, Section (1)(a), is not in the record certified to this Court, and neither is the hearing notice. One purpose of the hearing notice is to alert the parties to the issue(s) which will be addressed in the hearing, and to therefore protect their rights to due process. *See Wilson v. Kentucky Unemployment Insurance Commission*, 270 S.W.3d 915, 917 (Ky.App.2008). Without the notice, we are unable to tell conclusively which issues the parties should have been prepared to address at the hearing, and instead must rely upon the referee's statement of the issue during the hearing.

in finding: (1) substitute teaching is "noncovered employment," pursuant to KRS 341.055(4)(e); and (2) according to KRS 341.050(1)(a) and common-law definitions of employment relationships, substitute teachers are more properly characterized as independent contractors than as employees.

## II. *Standard of review*

■ The only question before us is whether the circuit court properly applied two statutes to determine whether substitute teachers are not, as a matter of law, eligible for unemployment benefits. Our review is therefore *de novo. Carroll v. Meredith*, 59 S.W.3d 484, 489 (Ky.App. 2001) ("[A] reviewing court is not bound by the trial court's decision on questions of law. An appellate court reviews the application of the law to the facts and the appropriate legal standard *de novo*.")

■ "The circuit court's review [of an order of the Commission] is limited to the record made before the Commission." *Commonwealth, Department of Education v. Commonwealth, Kentucky Unemployment Insurance Commission*, 798 S.W.2d 464, 467 (Ky.App.1990) (citing *Kentucky Unemployment Insurance Commission v. Murphy*, 539 S.W.2d 293, 294 (Ky.1976)). Further, "where the record is not in condition for the appellate court properly to decide the questions presented with justice to all parties concerned," the appellate court may remand the matter for additional proceedings. 5 C.J.S. Appeal and Error § 1017 (2011).

## III. *Applying KRS 341.050*

■ The finder of fact must consider several common-law factors in determining whether a claimant was an employee as contemplated by KRS 341.050(1)(a) or an independent contractor. *Kentucky Unemployment Insurance Commission v. Land-mark Community Newspapers of Kentucky, Inc.*, 91 S.W.3d 575, 579 (Ky.2002) (citing *Sellards v. B. & W. Coal Company*, 358 S.W.2d 363 (Ky.1962), which in turn adopted the factors identified in Restatement (Second) of Agency § 220(2)). Those factors include:

(a) the extent of control which, by the agreement, the [employer] may exercise over the details of the work;

(b) whether or not the one employed is engaged in a distinct occupation or business;

(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

(d) the skill required in the particular occupation;

(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

(f) the length of time for which the person is employed;

(g) the method of payment, whether by the time or by the job;

(h) whether or not the work is a part of the regular business of the employer;

(i) whether or not the parties believe they are creating the relation of [employer] and [employee]; and

(j) whether the principal is or is not in business.

*Id.*

■ For proper and fair adjudication of the issue, then, the parties must be permitted to present evidence of the nature of the employment relationship. Once evidence of the relationship between the employer and the claimant has been presented and the fact finder has reached a conclusion, that conclusion is then re-

viewed by the Commission, and in turn by the courts, under the substantial evidence standard. *Landmark Community Newspapers* at 578.

The record in the instant case was insufficient for the circuit court to evaluate the parties' respective positions and achieve a fair outcome based upon proper application of the law, and is likewise insufficient for this Court to do so. The parties were not given the opportunity to present the necessary evidence to the hearing officer or the Commission, and neither the hearing officer nor the Commission entered findings of fact on the issue of the employment relationship; in turn, the circuit court had no findings of fact to review. Ruling on the matter in the absence of a sufficiently developed record was erroneous. We therefore remand this matter to the Commission for the requisite evidentiary hearing.

### IV. *Applying K RS 341.055*

█ KRS 341.055, in relevant part, defines "noncovered employment" as "[c]ertain service performed in the employ of this state or any of its political subdivisions, municipalities, or instrumentalities thereof, but only if the service is performed by an individual in the exercise of his or her duties ... [a]s an employee serving on a temporary basis in case of fire, storm, snow, earthquake, flood, or similar emergency[.]" KRS 341.055(4)(e). The circuit court held that substitute teaching fell into the category of temporary employment identified in this statute.

█ "It is [our] duty when interpreting statutes to give effect to the General Assembly's intent[.]" *Revenue Cabinet v. O'Daniel,* 153 S.W.3d 815, 819 (Ky.2005). Based upon the language of the statute, and particularly the types of emergencies enumerated therein, it was plainly the General Assembly's intent to limit noncov-

ered employment as that term is defined in KRS 341.055(4)(e) to personnel which the state must engage following a large-scale disaster which impedes the essential functions of government. While a teacher's absence may create an emergency of sorts for the school, it does not create the type of emergency contemplated by KRS 341.055(4)(e). The circuit court's ruling to the contrary was in error.

### V. *Conclusions*

The determination that substitute teachers are "noncovered employment," categorically and as a matter of law pursuant to KRS 341.055(4)(e), is erroneous. To determine whether substitute teaching is "covered employment" as defined by KRS 341.050(1)(a) and the common law, evidence is required which the referee did not elicit and which the parties were not provided a full opportunity to present. We therefore reverse the portion of the circuit court's order which found KRS 341.055(4)(e) rendered substitute teaching noncovered employment for purposes of unemployment benefits, vacate the remaining portions of the order, and remand the matter to the Commission for a hearing regarding the nature of the employment relationship between Freihofer and the school board.

ALL CONCUR.