## Commonwealth v. Potts et al.

Nov. 16, 1943.

Hubert Meredith, Attorney General, and Jesse K. Lewis, Assistant Attorney General, and Ellwood Rosenbaum for appellant.

A. M. Marret for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Reversing.

This action was filed by the Commonwealth to recover of the appellees, Nicholas Potts and J. W. Hampton, partners doing business as Bonded Highland Merchant Police, unemployment compensation taxes and penalties. A demurrer was sustained to the petition as amended and from a judgment of dismissal this appeal is prosecuted.

The allegations of the petition were appropriate and sufficient to state a cause of action if facts were alleged sufficient to show that the relation of employer and em-

ployee existed between the appellees and certain special local police officers, such relation being essential to render the appellees covered employers under the Kentucky Unemployment Compensation Law, Ky. St. Supp. 1939, sec. 4748g-1 et seq., as decided in Barnes v. Indian Refining Co., 280 Ky. 811, 134 S. W. (2d) 620.

The substance of the allegations of the petition in this respect is: The appellees have in their employ certain persons used in the business of defendants of preserving the peace and protecting and preserving property of private persons or corporations in Louisville; such persons are recommended to the Governor under the provisions of KRS 61.360 and paid in the manner therein set out; the appellees collect from the private property owners, on whose recommendation the officers are appointed, the fees or compensation for guarding and policing the property; the appellees then forward with the application to the Governor the salaries of the special officers, which are paid into the treasury, and the salary is paid direct to the officers by the State Treasurer. This is in accord with KRS 61.360, which also provides that the duties of the officers shall be confined to the premises to be protected (except in certain contingencies), and that the Governor may remove the officers at will or at request of the property owner.

The Commonwealth insists that in these circumstances the relation of employer and employee exists between the appellees and such special officers. The appellees contend that such relation does not exist and base their argument largely on the assumption that the appellees have no right to control the methods and manner of services to be performed by the officers. They further argue that the unrestricted right of the appellees to terminate the services of such officers, which is a controlling factor determining the relation of employer and employee, is absent here.

As pointed out in Barnes v. Indian Refining Co., supra, the legal relation of employer and employee is essential to constitute "covered employment" and we must assume that the legislature used the terms in their ordinary sense and meant what it said. In the course of that opinion the court quoted from Robinson v. B. & O. R. R. Co., 237 U. S. 84, 35 S. Ct. 491, 59 L. Ed. 849, construing the Federal Employers' Liability Act, 45 U. S. C. A. sec. 51 et seq., as follows: "We are of the

opinion that Congress used the words 'employee' and 'employed' in the statute in their natural sense, and intended to describe the conventional relation of employer and employee.'' [280 Ky. 811, 134 S. W. (2d) 623.] And it was further pointed out that the chief criterion in determining whether the relation existed was the right to control methods of work rather than results.

The argument for the appellees assumes the absence of the conventional relation and the right to control methods of work largely because the special officers furnished by the appellees are appointed by the Governor and answerable only to the Commonwealth in the performance of their duties. But the mere fact that one is a special peace officer does not operate to prevent him from being an employee of another than the Commonwealth, as we said in Louisville & N. R. R. Co. v. Offutt, 204 Ky. 51, 263 S. W. 665, and in Louisville & N. R. R. Co. v. Moore's Adm'r, 292 Ky. 223, 166 S. W. (2d) 68, in holding that the owner of property being guarded by a special officer was the employer of such officer, and in Fournier v. Churchill Downs-Latonia, 292 Ky. 215, 166 S. W. (2d) 38, in holding the owner of the guarded premises responsible for a tort committed by a National Guardsman assigned to the premises by the Governor on Derby Day to help police the grounds.

While in the ordinary and usual case these special police officers employed by a property owner are employees of such owner, as held in the cases referred to, in the case before us the officers are employed by the appellees and furnished to the property owners pursuant to the contract to furnish guarding and police protection. The property owner looks to the appellees to furnish the protection called for by the contract and this protection is furnished by the appellees' employees. Since the contract calls for the appellees to furnish the protection, the police officers' employment may be terminated at any time by the appellees. The fact that he is an officer is immaterial, since the Governor is authorized by the statute to revoke his appointment as such when the cessation of his employment is certified by the property owner.

Regarded realistically, the true picture is as follows: The property owner contracts with the appellees for guarding and policing protection and pays certain fees

therefor. The appellees furnish their employees to the property owners for this purpose. The property owner makes application to the Governor and has the person thus furnished by the appellees designated as special police officer. The appellees forward this application to the Governor with the officer's salary, the officer is appointed and the State Treasurer pays his salary with the money furnished by the appellees.

Nor does the fact that the officers' salaries are delivered to them by the State Treasurer have any material bearing. It is nothing more nor less than a mere legal fiction that these officers are paid by the state. Their salaries are actually paid by the appellees from the money collected by them from the property owner and the State Treasurer is merely an intermediary through whom this money passes.

It is our conclusion that when legal fictions are disregarded and the situation viewed realistically, the conventional relation of employer and employee exists between the appellees and the special officers furnished by them, as the facts appear in the petition. This being true, the petition stated a cause of action.

Judgment reversed, with directions for further proceedings consistent with this opinion.