**WALLING, Administrator of Wage and Hour Division, U. S. Dept. of Labor, v. MERCHANTS POLICE SERVICE, Inc.**

No. 722.

District Court, W. D. Kentucky.

March 23, 1945.

874

Douglas B. Maggs, Sol., and Archibald Cox, Associate Sol., both of Washington, D. C., and Jeter S. Ray, Regional Atty., and David V. Manker, Atty., both of Nashville, Tenn., for U. S. Department of Labor.

Joseph W. Cambron, of Louisville, Ky., for defendant.

FORD, District Judge.

The defendant, Merchants Police Service, is a corporation organized and existing under the laws of the State of Kentucky.

Since its organization and incorporation on July 25, 1944, the defendant has been engaged in the business of contracting with business and industrial firms and corporations located in and near Louisville, Kentucky, to furnish and provide guards and watchmen for the protection of their industrial plants and establishments, and furnishing such service for the compensation provided by the contracts with its customers.

In order to render the service for which it contracts with its customers, the defendant, from time to time, selects and hires qualified persons as guards or watchmen, who are assigned by the defendant to patrol, guard and watch the various properties of its customers.

The wages or salaries for which the guards perform the work are fixed by agreement between the defendant and the respective guards and the defendant fixes and determines their hours of work and all other conditions and practices of the guards while so engaged at the establishments of the customers, assigns the various guards to the particular work for which they are needed from time to time, prescribes rules and regulations to govern their conduct and supervises, directs and controls them in the discharge of their duties.

Each of the guards, before being permanently hired by the defendant, is subjected to a preliminary training or probation of several weeks or more to enable the defendant to determine whether he is qualified for the work and during that period the defendant pays directly to the guard his agreed wages or salary.

In fulfilling its contracts with its various customers, the defendant utilizes the services of approximately 45 regular guards for each of whom the defendant procures from the Governor of the State a commission as local police officer in accordance with the provisions of 61.360 Kentucky Revised Statutes; and for their protection the defendant carries, at its own expense, workmen's compensation and employer's liability insurance.

In compliance with 61.360(3), Kentucky Revised Statutes, the defendant at semimonthly intervals furnishes to the Treasurer of the State of Kentucky a statement of the names of the guards who have worked during the preceding half month and the amount of wages or salary due each of them and pays into the State

Treasury an amount equal to the aggregate wages or salaries shown on the statement; thereupon the Treasurer of Kentucky issues or causes to be issued separate checks, drawn upon the State treasury, payable to the order of the guards whose names appear on the list submitted by the defendant, in amounts shown opposite their respective names, less Federal income taxes required to be withheld, which checks are then transmitted to the defendant and delivered by it to the respective payees. The State issues no checks to any guard not listed on the statement furnished by the defendant and pays out only the amount of defendant's remittance to the State for that purpose. At the times required by the Federal laws, Federal income taxes so withheld are duly paid to the Federal Government and appropriate withholding tax receipts are issued by the State agency in charge of the matter.

Neither the State of Kentucky nor any officer or agency thereof, nor any of the defendant's customers, for whose plants or places of business protection is furnished, exercise any direct control, authority or supervision over the guards at any time or take any part in negotiating or determining their wages, salaries, hours of labor, places of assignment or specific duties to be performed by them.

The business and industrial firms and corporations with whom the defendant contracts to furnish protection include a substantial number of firms and corporations engaged in commerce and in the production of goods for commerce within the meaning of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., and the services performed by the guards supplied by defendant pursuant to its customer contracts consist in patrolling, watching, investigating, inspecting and safe-guarding the premises, equipment and properties of the firms and corporations so engaged in commerce, which services are reasonably necessary to the production of goods for commerce within the meaning of the Act.

The guards assigned by the defendant to protect, patrol and safeguard the properties and establishments of its customers frequently work in excess of forty hours per week and for such excess hours labor they have not been compensated or paid at one and one half times their regular rate of pay.

Defendant has failed to make, keep or preserve records as prescribed by the Fair Labor Standards Act of 1938 or as required by the regulations promulgated thereunder.

Since the Fair Labor Standards Act of 1938 is designed in the public interest, to implement a National social and economic policy unknown to the common law, in considering whether persons working under particular circumstances and conditions are within the scope of its remedial and regulatory provisions we are not circumscribed by standards or concepts otherwise applicable under common law rules. The meaning of the terms "employer" or "employee", as used in the Fair Labor Standards Act, is to be determined by reference to the history and context of the Act and the economic facts and consequences of the particular relationship involved, in the light of the purposes to be accomplished by the legislation. National Labor Relations Board v. Hearst Publications, Inc., 322 U.S. 111, 64 S.Ct. 851, 88 L.Ed. 1170, Walling, Admr. v. American Needlecrafts, Inc., 6 Cir., 139 F.2d 60.

The guards furnished by the defendant in fulfillment of its various contracts with its customers for the protection of their establishments and properties were and are employees of the defendant and not employees of the State of Kentucky within the meaning of the Fair Labor Standards Act of 1938. Walling, Adm'r v. American Needlecrafts, Inc., supra; Walling, Adm'r v. New Orleans Private Patrol Service, D.C., 57 F.Supp. 143; Commonwealth v. Potts, 295 Ky. 724, 175 S.W.2d 515; Magann v. Long's Baggage Transfer Co., D.C., 39 F.Supp. 742; Dismuke v. United States, 297 U.S. 167, 56 S.Ct. 400, 80 L.Ed. 561.

They are engaged in commerce within the meaning of the Act and are entitled to its benefits. Walton v. Southern Package Corporation, 320 U.S. 540, 64 S.Ct. 320, 88 L.Ed. 298; Walling, Admr. v. Sondock, 5 Cir., 132 F.2d 77.

Defendant is an employer subject to the provisions of the Act and, by employing its guards for work weeks longer than forty hours without compensating them for their employment in excess of forty hours at rates not less than one and one half times the regular rate at which they were employed, and by failing to make, keep and preserve records as prescribed by the Act and as required by the regulations promulgated thereunder, the defendant has violated and is violating the

provisions of sections 7, 11(c), 15(a) (2) and 15(a) (5) of the Act, 29 U.S.C.A. §§ 207, 211(c), 215(a) (2, 5).

Plaintiff is entitled to the injunctive relief sought in this action.

Judgment may be submitted for entry in conformity herewith.