## Litteral v. Commonwealth ex rel. Unemployment Compensation Commission.

March 17, 1950.

W. B. Ardery, Judge.

506

Funk, Chancellor & Darnell, Ray Holbrook and Leonard C. Fielder for appellant.

Samuel H. Cole, General Counsel, Unemployment Compensation Commission, for appellee.

CLAY, COMMISSIONER—Affirming.

This is a suit by the Commonwealth to recover unemployment compensation contributions and penalties alleged to be due by appellant for the years 1940-1944. The facts are stipulated, and the question presented is whether or not the legal relationship of employer and employee existed between appellant and those persons in business with him. The lower Court decided this question in the affirmative.

Appellant operates a beauty parlor in his own name at Ashland. He personally engages in the type of work usually performed in such places of business. He owns or furnishes all equipment and supplies used on the premises occupied by him. These premises are divided into small rooms or booths, which he "rents or leases" to other beauty operators.

The operators and appellant have a mutual agreement with regard to the time of opening the beauty parlor. They advise him if they expect to be absent. Otherwise the operators fix their own working hours. Apparently appellant does not supervise or control their actual work. He may discharge an operator for misconduct but not otherwise.

There is a weekly settlement between appellant and his operators, and the gross receipts are divided on a commission basis. He makes deductions for Federal

Old Age Insurance, but the operators do not wish deductions to be made for state unemployment insurance.

KRS 341.050 defines "covered employment" as that where the relationship between the individual performing a service and the employing unit for which such service is rendered is "the legal relationship of employer and employe."

It is appellant's contention that the beauty operators in his shop are independent contractors. Several provisions of their contract might justify the conclusion that, as between themselves, such relationship exists. However, we must view the situation realistically in the light of the business conducted and the nature of the services rendered.

Appellant owns and carries on this business as a unit. The operators clearly work for him, and are not engaged in an independent enterprise. The accounting method of payment is immaterial, and we do not think it here important that appellant does not exercise a close control of the operator's actual labors. The case is very similar to that of Radley et al. v. Commonwealth, 297 Ky. 830, 181 S. W. 2d 417. In that case the defendants operated a taxicab business and leased their vehicles to drivers. Several features of the contractual arrangement were much the same as those involved in the relationship under consideration. It was held the provision of the contract that the drivers were independent contractors, and were free from supervision or control of the defendants, was ineffective to overcome the legal inference that actually they were employees.

Likewise in Commonwealth v. Potts et al., 295 Ky. 724, 175 S. W. 2d 515, it was held that merchant police were employees of a firm engaged in the business of furnishing a protective service. In that case it was pointed out that legal fictions would be disregarded if the conventional relationship of employer and employee existed.

In our opinion the relationship here shown is of the same nature as that appearing in the foregoing cases. Viewed objectively, the legal relationship of employer and employee existed between appellant and his operators; and, therefore, unemployment compensation contributions should have been made.

For the reasons stated, the judgment is affirmed.