**LOCUST COAL COMPANY et al.,**
Appellants,

v.

**Will Hamblin BENNETT, Appellee.**

Court of Appeals of Kentucky.

June 19, 1959.

Smith, Denham & Gillis, Middlesboro, for appellant.

Carlos B. Pope, H. M. Tye, Barbourville, for appellee.

MILLIKEN, Judge.

The sole issue presented by this case is whether Bennett was an employee of Locust Coal Company at the time of an accident in which he was seriously injured, or was an independent contractor. The Workmen's Compensation Board held Bennett was an independent contractor, but the Circuit Court ruled he was an employee and the judgment is the subject of this appeal.

Bennett was engaged in the occupation of hauling coal from Locust Coal Company's mine tipple to a railroad loading ramp. While he was en route to the loading ramp his truck overturned and he was permanently injured. Bennett hauled the coal for seventy cents per ton in a truck owned by him and paid his own truck operational expenses. He lived near the tipple of the Coal Company and worked only when the truck of the Coal Company could not handle all of the production. When needed, the driver of the Coal Company's truck would blow his horn in front of Bennett's home, which was the signal for him to go and haul a load. He so arranged his affairs that he was available whenever needed. His earnings varied, but were as high as $100 per week and as low as $7 per week. At times he was called upon to help load the truck of the Coal Company. The driver for the Coal Company, who was also the mine owners' brother, insisted that Bennett help with the loading when he was at the tipple. Bennett was told where to haul the coal. When he would deliver a truck load to the loading ramp, he was given a weigh bill showing the tonnage of his load. A copy of the weigh bill was given to the Coal Company, and it was on the basis of these that the amount of his biweekly pay was calculated. No withholding tax, Social Security, or like deductions were taken from his gross pay.

The Coal Company had a Workmen's Compensation notice posted on its tipple which advised employees that they would work under the Act unless notice was given the Company in writing that they did not elect to accept its terms. Bennett testified that he had read the notice posted on the tipple and assumed that he was covered. Bennett claimed he had, on at least one occasion, hauled some supplies for the Company's mining operation. This was denied by the owners.

The case was heard by a referee of the Workmen's Compensation Board who dismissed appellee's claim on the ground that he was an independent contractor. His finding was affirmed on appeal to the Full Board when no brief was supplied the Board by Bennett. On appeal to the Knox Circuit Court, the Board was reversed and Bennett was adjudged to have been an employee at the time of the accident. From that judgment this appeal has been taken.

Three of our recent cases presented somewhat similar factual situations. In two of them the trucker was found to be

an independent contractor. Hacker v. Hacker, Ky.1956, 296 S.W.2d 713; Sigmon Ikerd Company, Inc. v. Napier, Ky.1956, 297 S.W.2d 917. In our latest case we found the trucker to be an employee. Cutshin Coal Company v. Campbell, Ky.1957, 309 S.W.2d 39.

The tests or factors traditionally used as criteria for determining one's employment status are contained in Restatement of Agency, Section 220(2). They were applied by this Court in Sam Horne Motor & Implement Company v. Gregg, Ky., 279 S.W.2d 755, 53 A.L.R.2d 626, where this Court found an automobile salesman working on a commission basis to be an employee. These factors are:

"(a) the extent of control which, by agreement, the master may exercise over the details of the work;

"(b) whether or not the one employed is engaged in a distinct occupation or business;

"(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

"(d) the skill required in the particular occupation;

"(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

"(f) the length of time for which the person is employed;

"(g) the method of payment, whether by the time or by the job;

"(h) whether or not the work is a part of the regular business of the employer; and

"(i) whether or not the parties believe they are creating the relationship of master and servant."

No one of these factors is determinative, and each case must be decided on its own particular facts.

The facts of the present case do not make the resolution of the problem an easy one, but the consensus of this Court is that Bennett was an independent contractor and not an employee. Consequently, the judgment is reversed.