91 S.W.3d 575 (2002)
KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION and Division of Unemployment Insurance, Appellants,
v.
LANDMARK COMMUNITY NEWSPAPERS OF KENTUCKY, INC.; Ronald Warner and Leonard Faulkner, Appellees.
No. 2000-SC-0884-DG.
Supreme Court of Kentucky.
December 19, 2002.
*577 Randall K. Justice, Workforce Development Cabinet, Office of General Counsel, Frankfort, for Appellants, Kentucky Unemployment Insurance Commission and Division of Unemployment Insurance.
Robert F. Houlihan, Jr., Richard Stephenson, Lizabeth Ann Tully, Stoll, Keenon & Park, LLP, Lexington, for Amicus Curiae, Kentucky Press Association, The Lexington Herald-Leader, and The Courier Journal & Louisville Times Company.
Timothy Cobert Bates, Slone & Bates, P.S.C., Hindman, for Amicus Curiae, Kentucky Academy of Trial Attorneys.
Kimberly K. Greene, Dinsmore & Shohl, LLP, Louisville, Mindy Barfield, Dinsmore & Shohl, LLP, Lexington, for Appellee, Landmark Community Newspapers of Kentucky, Inc.
Ronald Warner, for Appellee, Ronald Warner.
Leonard Faulkner, for Appellee, Leonard Faulkner.
*576 Opinion of the Court by Justice STUMBO.
The Kentucky Unemployment Insurance Commission (Commission) and the Division of Unemployment Insurance (Division), the appellants herein, bring the following action before this Court on review seeking reversal of the Court of Appeals' judgment below. The Commission determined that the newspaper carriers of Landmark Community Newspapers of Kentucky (Landmark), the appellee herein, were employees performing services in covered employment for unemployment insurance purposes. The Franklin Circuit Court upheld that determination. The Court of Appeals reversed and held that the carriers were independent contractors. The primary issue that we must determine today is whether Landmark's newspaper carriers should be considered independent contractors or employees for purposes of unemployment insurance benefits.
I. Factual Background
Landmark owns and operates numerous Kentucky community newspapers, including the Kentucky Standard of Bardstown. Landmark hires individuals to work as carriers in order to deliver its newspapers to subscribers on various designated routes. If a person desires to be hired as a newspaper carrier, Landmark requires that person to sign a "Delivery Agent" agreement, which supposedly makes the newly-hired individual an independent contractor, instead of an employee. The boilerplate language of the agreement specifies that the carrier is to install hooks or tubes on designated routes for delivery of Landmark's newspapers. The newspapers are never to be placed in or around the mailbox. It is also the responsibility of the carrier to replace or repair the hooks or tubes. The agreement further specifies that the carrier must keep the newspaper dry, and if the weather report calls for showers, then each newspaper must be placed in a plastic bag. The carrier must also deliver copies of the weekly "Extra" section of the newspaper to non-subscribers on routes designated by Landmark. In addition, the carrier must have all of the newspapers delivered by no later than 7:00 a.m. on the day of publication. If subscribers are not pleased with the manner in which the newspaper is delivered by the carrier or if the newspaper is not timely delivered, then subscribers complain directly to Landmark. Landmark keeps records of complaints received and informs the carrier regarding any complaints. *578 Landmark also has its carriers place newspapers in coin boxes in various locations for public sale.
The agreement further provides that either the carrier or Landmark can terminate the agreement for any reason upon thirty (30) days written notice. However, Landmark may terminate a carrier for any reason without notice if he or she fails to meet any condition of the agreement. The carriers are paid on a weekly basis at $.07 per newspaper and "Extra" section delivered. Landmark issues 1099 tax forms to the carriers it views as independent contractors. The carriers are paid no fringe benefits of any sort, and each carrier must furnish his or her own transportation in order to make deliveries along the routes designated by Landmark.
This matter began approximately six years ago when two former newspaper delivery persons, Leonard Faulkner and Ronald Warner, filed claims for unemployment insurance benefits. Landmark terminated the contracts of both Faulkner and Warner in 1996. Following these contract terminations, both men filed their respective claims for unemployment insurance benefits. In response to said claims, the Division assigned an auditor to conduct an appropriate investigation of those claims, and other delivery persons that Landmark claimed as contract labor. The Division found Faulkner, Warner, and twenty-one (21) other individuals were employees and not independent contractors for unemployment insurance purposes.
Following the Division's finding, Landmark brought an appeal before the Commission. The Commission conducted a full evidentiary hearing, upheld the Division's finding, and concluded that Landmark's newspaper delivery persons were employees that performed services in covered employment for unemployment insurance purposes. In reaching its final decision, the Commission considered factors set forth in Restatement (Second) of Agency § 220 (1958).
Next, Landmark appealed the Commission's order to the Franklin Circuit Court. The circuit court affirmed because it held that the Commission's decision was supported by substantial evidence from the record and was based on a correct interpretation of applicable law. Once again, Landmark appealed and sought review in the Court of Appeals. The Court of Appeals concluded that the Commission's decision, which held that the newspaper carriers were employees, was erroneous. The Court of Appeals held that the evidence showed the newspaper carriers were independent contractors, and not employees of Landmark. Accordingly, the Court of Appeals reversed and remanded the case to the circuit court.
The Commission then moved this Court to grant discretionary review. We granted said motion and this appeal followed. For the reasons set forth below, we now reverse the judgment of the Court of Appeals.
II. Standard of Review and Controlling Law
Our review of the matter herein is governed by the substantial evidence standard of review applicable to decisions of administrative agencies. "If the findings of fact are supported by substantial evidence of probative value, then they must be accepted as binding and it must then be determined whether or not the administrative agency has applied the correct rule of law to the facts so found." Southern Bell Tel. & Tel. Co. v. Kentucky Unemployment Ins. Comm'n, Ky., 437 S.W.2d 775, 778 (1969). The administrative agency's findings will be upheld even though there exists evidence to the contrary in the record. Kentucky Comm'n on *579 Human Rights v. Fraser, Ky., 625 S.W.2d 852, 856 (1981). Substantial evidence is defined as "evidence of substance and relative consequence having the fitness to induce conviction in the minds of reasonable [persons]." Owens-Corning Fiberglas Corp. v. Golightly, Ky., 976 S.W.2d 409, 414 (1998). We must also determine whether the decision of the administrative agency was arbitrary or clearly erroneous, which is defined as "unsupported by substantial evidence." Danville-Boyle County Planning and Zoning Comm'n v. Prall, Ky., 840 S.W.2d 205, 208 (1992). "If there is any substantial evidence to support the action of the administrative agency, it cannot be found to be arbitrary and will be sustained." Taylor v. Coblin, Ky., 461 S.W.2d 78, 80 (1970).
In order for a worker to be eligible for unemployment insurance benefits, he or she must be engaged in "covered employment" as provided by Kentucky Revised Statutes (KRS) Chapter 341. KRS 341.050(1)(a) provides that "[a]n individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee." We also note that KRS 341.055(11) provides that "[s]ervice performed by a worker under the age of eighteen (18) in the delivery or distribution of newspapers" is not covered employment under KRS Chapter 341, unless the employer has elected for those workers to be covered. Thus, this opinion does not address those newspaper carriers who have not reached the age of eighteen (18).
There is no solitary rule for a court to employ in ascertaining whether one should be characterized as being engaged in "covered employment" for unemployment insurance purposes. Rather, there are various factors that may be considered by a court when confronted with such an issue as we are today. In Sellards v. B. & W. Coal Co., Ky., 358 S.W.2d 363 (1962), we acknowledged that the traditional common law factors employed in determining whether an individual is an employee or independent contractor are contained in Restatement (Second) of Agency § 220(2), which are virtually identical to the factors listed in the first Restatement of Agency. Id. at 364. Restatement (Second) of Agency § 220(2) provides:
In determining whether one acting for another is a servant or an independent contractor, the following matters of fact, among others, are considered:
(a) the extent of control which, by the agreement, the master may exercise over the details of the work;
(b) whether or not the one employed is engaged in a distinct occupation or business;
(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
(d) the skill required in the particular occupation;
(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
(f) the length of time for which the person is employed;
(g) the method of payment, whether by the time or by the job;
(h) whether or not the work is a part of the regular business of the employer;
(i) whether or not the parties believe they are creating the relation of master and servant; and
(j) whether the principal is or is not in business.
While any or all of these factors may be helpful in determining whether or not an *580 individual is an employee or independent contractor, we have held that "the chief criterion is the right to control the details of the work." Sturgill v. Barnes, Ky., 300 S.W.2d 574, 577 (1957). On the other hand, we have also held that "[no] one of [the above-mentioned] factors is determinative, and each case must be decided on its own particular facts." Locust Coal Co. v. Bennett, Ky., 325 S.W.2d 322, 324 (1959). It is evident that the case law is not in total harmony. We now correct this inconsistency and recognize the latter as written in Locust Coal Co., supra. The ability to control the specific details of the work is an important factor for a court or administrative agency to consider. However, we do not believe this factor is of greater importance than the others. Accordingly, we hold that not one of the aforementioned factors is determinative, and every case, where it must be determined whether an individual is an employee or an independent contractor for unemployment insurance purposes, needs to be resolved on its own facts.
III. Discussion
The Court of Appeals determined that the facts were undisputed. Consequently, it determined that the question for its review was a question of law, which the court phrased as follows: "[W]hether the Commission correctly applied the law to those facts in concluding that the newspaper carriers were employees."
After applying the aforementioned Restatement factors to this case, the three-judge panel of the Court of Appeals determined that two of the factors unquestionably supported an employer-employee relationship. The court stated that Landmark was in business as a newspaper publisher and that the job of delivering newspapers requires minimal skill. The court further found that factors (b), (f), and (h) could equally favor a finding that the newspaper carriers are either employees or independent contractors. However, the court determined that in its view the remaining factors clearly evidenced an independent contractor relationship between Landmark and the carriers. The Court of Appeals held that the newspaper carriers were not employees, but instead were independent contractors, and reversed the judgment of the circuit court affirming the Commission's order.
We must disagree with the Court of Appeals. In our view the Commission's findings of fact are supported by substantial evidence of probative value. The Commission also applied the correct rule of law by employing the previously mentioned factors from Restatement (Second) of Agency. Landmark, however, asserts that the Commission incorrectly applied the above Restatement factors to the facts when the Commission determined the newspaper carriers to be employees. Landmark further contends that the Commission's decision was a mere "legal conclusion" that was corrected on appeal by the Court of Appeals, which Landmark claims correctly applied the law to determine that the carriers were actually independent contractors. We cannot agree.
We fail to see how the Commission misapplied the law to the findings of fact. As we stated beforehand, the Commission correctly identified the factors from Restatement (Second) of Agency § 220(2), which are used in determining whether one is an employee or an independent contractor. The Commission also referenced case law that concerned whether workers should be viewed as employees or independent contractors for purposes of unemployment compensation. See Litteral v. Commonwealth, 312 Ky. 505, 228 S.W.2d 37 (1950); Commonwealth v. Potts, 295 Ky. 724, 175 S.W.2d 515 (1943). The Commission conceded that some factors evidenced *581 that the newspaper carriers could be viewed as either employees or independent contractors. However, after reviewing the evidence, the Commission was convinced than an employer-employee relationship existed between Landmark and its carriers. In its order affirming the Division, the Commission provided sufficient reasons to support its decision that the newspaper carriers were in fact employees and not independent contractors. We now quote directly from the pertinent section of the Commission's order with appropriate corrections and modifications as needed:

REASONS
... The evidence clearly shows that the workers were controlled by [Landmark] relative to where the newspapers were to be placed, when they were to be delivered, and in what condition. [Landmark] not only retained the right to control, but exercised that control, up to and including termination.
The agreement/contract between [Landmark] and the workers was [Landmark's] requirement. If a worker did not sign the agreement/contract, he or she could not work for [Landmark]. In addition to [Landmark] requiring workers to sign the agreement/contract, it clearly set about to make sure that the suggestions from the Newspaper Association of America's book, "Newspaper Manual on Utilizing Independent Contractors," was followed. The agreement/contract is nothing short of an adroit scheme to create something other than an employer-employee relationship between itself and its delivery/carriers. The statement that an individual worker is independent and understands that is not dispositive in a case such as this. We find the agreement/contract between [Landmark] and the delivery/carriers to be nothing short of legal fiction in so far as it attempts to create independent contractors out of workers who clearly are not engaged in independent businesses.
The relationship between [Landmark and the carriers] was ongoing....
The work was a regular part of the business of [Landmark]. [Landmark] chose to use delivery/carriers to deliver its newspapers. [Landmark] advertised for delivery/carriers and told [the carriers] they would be independent. In addition, it was [Landmark] who set the rate delivery/carriers would be paid for their services.
It is clearly [Landmark] who is in business, not the workers who perform services for it. It is [Landmark] who controls the work and how it is performed. The belief of the parties in this case is clear relative to [Landmark]. [Landmark] tried valiantly to create something other than an employer-employee relationship between itself and the delivery/carriers. This attempt does not make it reality. The delivery/carriers who testified were told they were independent. They accepted this characterization as they had no choice, if they wanted to work....
Substantial evidence existed to support the conclusion reached by the Commission, and we find no error in that decision. We agree and adopt the Commission's reasons as set forth above.
Since we have found sufficient evidence is present to support the Commission's decision that the newspaper carriers at issue were employees for unemployment insurance purposes, we cannot say that the Commission's findings were clearly erroneous. Thus, the judgment entered by the Commission cannot be found to arbitrary.
In our opinion, the Court of Appeals incorrectly decided to substitute its own *582 judgment for that of the Commission and the Franklin Circuit Court. This was error. The fact that a reviewing court may not have come to the same conclusion regarding the same findings of fact does not warrant substitution of a court's discretion for that of an administrative agency. See Federal Communications Comm'n v. WOKO, Inc., 329 U.S. 223, 67 S.Ct. 213, 91 L.Ed. 204 (1946). We do not mean to say that the Court of Appeals is without power to correct an erroneous administrative decision. Rather, we hold that a reviewing court, whether it be one of the circuit courts, the Court of Appeals, or this body, should refrain from reversing or overturning an administrative agency's decision simply because it does not agree with the agency's wisdom. See Radio Corp. of America v. United States, 341 U.S. 412, 71 S.Ct. 806, 95 L.Ed. 1062 (1951).
IV. Conclusion
Therefore, for the foregoing reasons, the decision of the Court of Appeals is hereby reversed. Accordingly, we affirm the judgment of the Franklin Circuit Court and reinstate the order of the Kentucky Unemployment Insurance Commission.
LAMBERT, C.J.; COOPER, GRAVES and KELLER, JJ., concur.
WINTERSHEIMER, J., dissents by separate opinion, with JOHNSTONE, J., joining that dissent.
Dissenting Opinion by Justice WINTERSHEIMER.
I must respectfully dissent from the majority opinion because the Court of Appeals did not err as a matter of law in finding that the arrangement created an independent contractor status.
The Court of Appeals followed the correct standard of review in reaching its legal conclusion that the Commission had improperly applied the Restatement (Second) of Agency § 220 (1958) to the facts of this case.
The test used in Kentucky to determine the status of either employee or independent contractor comes from the Restatement (Second) of Agency § 220 (2) (1958). The principal standard here is the extent of the control which the newspaper exercised over the details of the work. Landmark did not supply any of the instrumentalities necessary to deliver the papers other than the papers themselves. The carriers were paid per unit delivered and the contract clearly stated that the arrangement was that of an independent contractor. There was little if any control of the method and means by which the work of delivery was accomplished. Only the result mattered to the newspaper. The record indicates that the carriers set their own hours, used their own vehicles, paid their own expenses in connection with the vehicles and were specifically allowed by the contract to perform delivery services for other businesses and could subcontract the work of delivery. The provision requiring a dry newspaper to be delivered on a hook or in a tube by 7 a.m. on publication days was not controlling of the details of the work of delivery but only a statement regarding the end result to be accomplished by the contract. The carriers had the freedom to plan their own routes and decide the time of delivery.
The Court of Appeals did not substitute its judgment for that of the Commission, but only performed an appropriate appellate review. The decision of the Court of Appeals is in concert with a previous decision of this Court in Locust Coal Co. v. Bennett, Ky., 325 S.W.2d 322 (1959), where it was held that under similar circumstances that the carriers were independent contractors rather than employees.
*583 I would affirm the opinion of the Court of Appeals.
JOHNSTONE, J., joins this dissent.