RENDERED: SEPTEMBER 15, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1440-MR

SBA COMMUNICATIONS
CORPORATION; SBA
INFRASTRUCTURE, LLC; SBA
TOWERS III, LLC; AND SBA
TOWERS VII, LLC                                                          APPELLANTS

v.           APPEAL FROM FRANKLIN CIRCUIT COURT
             HONORABLE PHILLIP J. SHEPHERD, JUDGE
             ACTION NO. 22-CI-00139

PUBLIC SERVICE COMMISSION OF
KENTUCKY; HARMONI TOWERS
LLC; AND NEW CINGULAR
WIRELESS PCS, LLC                                                        APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND JONES, JUDGES.

THOMPSON, CHIEF JUDGE: SBA Communications Corporation; SBA

Infrastructure, LLC; SBA Towers III, LLC; and SBA Towers VII, LLC

(hereinafter referred to as SBA) appeal from an order of the Franklin Circuit Court which affirmed an order of the Public Service Commission of Kentucky (hereinafter referred to as PSC). The PSC order denied SBA the opportunity to intervene in 14 proceedings before the PSC involving Harmoni Towers, LLC and New Cingular Wireless PCS, LLC.[1] SBA argues that it should have been allowed to intervene in the PSC proceedings. We find no error and affirm.

## FACTS AND PROCEDURAL BACKGROUND

In 2020, Harmoni submitted 14 applications to the PSC seeking permission to erect 14 different cellular telephone towers across the Commonwealth. Harmoni intended to allow AT&T to install equipment on their towers to allow AT&T to provide cellular service to its customers. In exchange, AT&T would pay rent to Harmoni. Soon thereafter, SBA moved to intervene in all 14 proceedings. SBA argued that the new towers were unnecessary because AT&T already had equipment on SBA towers which provided cellular service. In addition, SBA argued that the new towers were located in close proximity to their towers; therefore, the new towers were unnecessary. SBA claimed that if it were allowed to intervene, it could provide evidence from experts showing that the new towers would have little to no effect in improving cellular service in the areas the

---

[1] New Cingular Wireless is doing business as AT&T Mobility; therefore, we will refer to it as AT&T.

new towers would be built.  The PSC denied SBA's motions to intervene.  In 2022, the PSC granted the applications and allowed Harmoni to build the new cellular towers.  SBA then appealed the PSC's denials of their motions to intervene to the Franklin Circuit Court.  The court affirmed the decision of the PSC.  This appeal followed.

## ANALYSIS

A person or entity seeking to intervene in a proceeding before the PSC can do so pursuant to 807 KAR[2] 5:001E Section 4(11), which states in relevant part:

> (a) A person who wishes to become a party to a case before the commission may, by timely motion, request leave to intervene.
>
> > 1. The motion shall include the movant's full name, mailing address, and electronic mail address and shall state his or her interest in the case and how intervention is likely to present issues or develop facts that will assist the commission in fully considering the matter without unduly complicating or disrupting the proceedings.
> >
> > 2. The motion may include a request by movant for delivery of commission orders by United States mail and shall state how good cause exists for that means of delivery to movant.
>
> (b) The commission shall grant a person leave to intervene if the commission finds that he or she has made a timely motion for intervention and that he or she has a

---

[2] Kentucky Administrative Regulations.

special interest in the case that is not otherwise adequately represented or that his or her intervention is likely to present issues or to develop facts that assist the commission in fully considering the matter without unduly complicating or disrupting the proceedings.

We review the denial of a motion to intervene for abuse of discretion. *Biddle v. Public Service Commission of Kentucky*, 643 S.W.3d 83, 88 (Ky. App. 2021). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

Before a cellular tower can be built, the entity seeking to build the tower must first submit an application to the PSC and receive a certificate of convenience and necessity. KRS[3] 278.020; KRS 278.650; and KRS 278.665. As part of the application, the entity seeking to build the tower must provide the following:

A statement that the utility has considered the likely effects of the installation on nearby land uses and values and has concluded that there is no more suitable location reasonably available from which adequate service to the area can be provided, and that there is no reasonably available opportunity to co-locate, including documentation of attempts to co-locate, if any, with supporting radio frequency analysis, where applicable, and a statement indicating that the utility attempted to co-locate on towers designed to host multiple wireless service providers' facilities or existing structures, such as

---

[3] Kentucky Revised Statutes.

-4-

a telecommunications tower, or another suitable structure
capable of supporting the utility's facilities[.]

807 KAR 5:063 Section 1(1)(s).

In the applications filed in this case, Harmoni and AT&T indicated that the new towers were needed in order for AT&T to provide adequate cellular coverage to the service area. The applications also indicated that Harmoni and AT&T found no reasonably available opportunities in which to co-locate AT&T's equipment on existing structures and that there was no suitable or available co-location structure located within the vicinity of the new tower's building site.

As previously stated, when SBA moved to intervene, it provided evidence that it had towers in close proximity to the proposed building sites of the new towers and that AT&T already had its equipment on these towers. SBA also indicated it could provide expert testimony regarding the whether or not the new towers would improve cellular service.[4] In essence, SBA argued that Harmoni and AT&T misled the PSC by omitting this information from their applications and that it should be allowed to intervene in order to "develop facts that assist the commission in fully considering the matter[.]" 807 KAR 5:001E Section 4(11)(b).

Harmoni and AT&T objected to the motions to intervene. They admitted that AT&T was already using SBA towers, but that SBA was requiring

---

[4] Also known as radio frequency analysis in 807 KAR 5:063 Section 1(1)(s).

too high an amount in rent and other fees and that Harmoni would charge AT&T lower amounts. AT&T argued that the SBA tower rental and fee amounts were unreasonable and necessitated the new towers.

On appeal, SBA argues that the PSC abused its discretion in denying its motions to intervene. It claims that only after it filed the motions to intervene did Harmoni and AT&T disclose relevant information to the PSC and that had it been allowed to intervene, it is likely additional relevant information would have been revealed.

We find no error in this case. SBA's primary issues with the applications at issue were that Harmoni and AT&T did not provide sufficient information regarding AT&T's use of SBA towers, SBA tower locations in proximity to the proposed tower locations, and a radio frequency analysis. SBA provided all of this information in their motions to intervene and they were included in the administrative record. Nothing in the record indicates that the PSC did not take this evidence into consideration when granting permission for Harmoni and AT&T to build the new towers. SBA does not indicate what other relevant information it could provide should it have been allowed to intervene.

Might this Court have decided differently if we were in the shoes of the PSC? Maybe, however, "a reviewing court . . . should refrain from reversing or overturning an administrative agency's decision simply because it does not

-6-

agree with the agency's wisdom." *Kentucky Unemployment Ins. Comm'n v. Landmark Community Newspapers of Kentucky, Inc.*, 91 S.W.3d 575, 582 (Ky. 2002) (citation omitted). Here, the PSC had all of the relevant information required by statute and its regulations and chose to issue Harmoni certificates of convenience and necessity, thereby allowing it to build the new towers. We find no error in denying SBA's motions to intervene.

SBA raises other issues on appeal which we will briefly discuss. First, SBA claims that the denials of its motions to intervene were unreasonable because the PSC violated precedent. In a different proceeding before the PSC concerning the building of a broadband network, the PSC allowed a competitor to intervene in a limited capacity when a company sought to build a broadband network. SBA argues this set the precedent to allow competitors to intervene. We find this argument is without merit. Allowing a competitor in one proceeding to intervene in a limited capacity does not mean that all competitors should be allowed to intervene in every PSC proceeding.

Next, SBA argues that the PSC abused its discretion because it was unaware of the parties before it. The orders denying the motions to intervene only mentioned AT&T, they did not mention Harmoni. SBA claims that this makes the orders illegal and unreasonable. We disagree. Whether or not Harmoni was

mentioned in the orders, the fact remains that the PSC found that SBA's intervention was unnecessary. Again, we find no error.

SBA also argues that the PSC misunderstood its jurisdiction. The orders denying the motions to intervene discuss KRS 278.040(2) which states:

> The jurisdiction of the commission shall extend to all utilities in this state. The commission shall have exclusive jurisdiction over the regulation of rates and service of utilities, but with that exception nothing in this chapter is intended to limit or restrict the police jurisdiction, contract rights or powers of cities or political subdivisions.

SBA argues that the PSC's jurisdiction over the underlying proceeding does not come from this statute because the PSC does not have jurisdiction over the rates and services of cellular telephone services. SBA is correct that the legislature has removed jurisdiction from the PSC over the rates and services of cellular telephones, KRS 278.54611; however, the PSC does retain jurisdiction over the construction of cellular telephone towers pursuant to KRS 278.650.

SBA argues that because the orders denying their motions to intervene rely on KRS 278.040 and not KRS 278.650, they are unlawful and unreasonable. While it may have been prudent to discuss KRS 278.650 instead of KRS 278.040, it does not negate the underlying decision. The PSC found that, based on the evidence in the record and the arguments of SBA, Harmoni, and AT&T, SBA was

-8-

not necessary for it to make a determination over the issuance of certificates of convenience and necessity. Again, we find no error.

Next, SBA argues that the PSC improperly allowed AT&T to file confidential affidavits. In all but one of the PSC proceedings, AT&T filed confidential affidavits regarding its use of SBA's towers and the rent and fees it has to pay. SBA argues that allowing AT&T to file these affidavits was improper. We find no error here. First, 807 KAR 5:001E, Section 13 allows a party to request that material filed with the PSC be made confidential. In addition, most of the information contained in the affidavits, while deemed confidential, is found elsewhere in the PSC record, the circuit court record, and the briefs before us. Further, the SBA provided evidence to the PSC that it attempted to negotiate with AT&T as it pertained to the rent and fees.

SBA's final argument on appeal is that the PSC is not following its regulations or requiring the mandatory information that is to be submitted with the applications. In this case, the PSC believed Harmoni and AT&T provided the required information in its applications. SBA then introduced additional information and evidence that it believed was missing from the applications. The PSC did not exclude SBA's proffered information and there is no evidence to suggest it was ignored. If the applications were inadequate as suggested by SBA, then SBA's filings cured any deficiencies.

# CONCLUSION

Based on the foregoing, we affirm the judgment of the circuit court and conclude that the PSC did not err in denying SBA's motions to intervene.

ACREE, JUDGE, CONCURS.

JONES, JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANTS:

Edward T. Depp
R. Brooks Herrick
David N. Giesel
Louisville, Kentucky

BRIEF FOR APPELLEE PUBLIC SERVICE COMMISSION OF KENTUCKY:

Moriah Tussey
Nancy J. Vinsel
John E. B. Pinney
Justin W. Young
Frankfort, Kentucky

BRIEF FOR APPELLEES HARMONI TOWERS, LLC AND NEW CINGULAR WIRELESS PCS, LLC:

David A. Pike
F. Keith Brown
Robert W. Grant
Shepherdsville, Kentucky