**KENTUCKY RETIREMENT SYSTEMS, Appellant,**

v.

**Sheila LOWE, Appellee.**

**No. 2010–CA–000835–MR.**

Court of Appeals of Kentucky.

July 8, 2011.

Katherine Rupinen, Frankfort, KY, for Appellant.

Robert A. Florio, Louisville, KY, for Appellee.

Before VANMETER and WINE, Judges; SHAKE,[1] Senior Judge.

## OPINION

WINE, Judge:

The Kentucky Retirement Systems ("the Retirement System") appeals from an opinion and order of the Franklin Circuit Court overruling the decision of the Kentucky Retirement Systems Medical Review Board ("the Board") and directing that benefits be awarded to the claimant and appellee herein, Sheila Lowe ("Lowe"). Upon a review of the record, we affirm.

Lowe joined the Retirement System as a full time employee on October 1, 1986. Lowe remained employed and in the Retirement System until April 2, 2004, at which time she had accumulated 17.58 years of service. Lowe was employed by the Louisville Water Company where her title was "Engineering Clerk II." Her duties included providing administrative support to various programs and engineer-

---

1. Senior Judge Ann O'Malley Shake sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

ing processes for the Louisville Water Company.

The position of Engineering Clerk II was classified as a sedentary to light-duty position. Lowe was required to sit for eight hours per day and was required to drive to and from various agencies on an average of every other day, which trips would usually take approximately forty minutes. Lowe was also occasionally required to pick up gate valve books weighing up to twenty pounds. Lowe testified that she was able to get up from her desk and move around as needed, however. Although in the past Lowe had traveled to job sites where she would climb into ditches or trenches, she had not done so in the two years prior to this action. Instead, during that time period, Lowe had gone to job sites only for the purpose of handling permits. However, toward the end of Lowe's employment with the Louisville Water Company, she became unable to perform the essential duties of her position due to degeneration of the lumbar spine with spinal stenosis and spondylosis. Reasonable accommodations were requested of the employer, but were denied.

Lowe's medical records show that her back problems were not a new occurrence, but had quite a long history. Indeed, Lowe's medical records indicate that she first complained of back pain as early as 1992. Complaints of back pain were again conveyed to Lowe's family physician in 1996. By 2000, Lowe had begun to receive treatment from spine specialists for her pain. In 2003, Lowe underwent spinal fusion surgery for her lower back. The surgery was performed by Drs. Raque and Dimar. In 2004, despite some evidence that the spinal surgery was successful, Lowe continued to complain of chronic pain. Dr. Dimar indicated that her continued pain was likely the result of epidural scarring or muscle scarring from the surgery. He subsequently diagnosed her with "failed back syndrome." Lowe was started on a course of medication in an attempt to control her continuing pain. She began receiving Social Security disability benefits in 2004.[2]

In 2005, after complaining to her treating physicians about the sedative effect of the numerous medications she was prescribed, she was treated with epidural blocks for her pain. In addition to treating with Drs. Raque and Dimar for back pain, Lowe treated with Dr. Jeffery Berg for pain management. Lowe has also treated with her family physician, Dr. Katherine Witherington, for back pain and depression.

Lowe applied for disability retirement benefits from the Retirement System pursuant to Kentucky Revised Statute ("KRS") 61.600, on June 30, 2004. Under KRS 13B.090(7), Lowe bore the burden of proof in demonstrating that she was entitled to such disability retirement benefits. Pursuant to Lowe's application for disability benefits, she underwent a psychological evaluation which considered, among other things, her functional capacity. The examining psychologist concluded that Lowe had problems with attention and concentration due to her chronic pain and that her ability to tolerate the stress and pressure of day-to-day employment was limited by her impairments based upon chronic pain issues. The evaluation made no mention of any exaggeration or malingering.

---

**2.** Under 105 Kentucky Administrative Regulation ("KAR") 1:210, while an applicant for disability retirement benefits may be allowed to introduce evidence of an award of Social Security disability benefits, the hearing officer may not consider the award in making his determination, but may only consider objective medical records contained within the determination of the award.

Lowe's treating physicians agree that she experiences chronic pain and is unable to return to her former position with the Louisville Water Company. However, the non-treating physicians employed by the Retirement System to review Lowe's file, Drs. McElwain, Strunk, and Ebben, all recommended denial of Lowe's claim. Drs. Strunk and McElwain initially claimed that it would be premature to approve disability benefits because of the possibility of continued improvement after her surgery. Both doctors later claimed positive findings after the surgery, based apparently only upon radiographic evidence that the screws had successfully fused. In addition, the Board's reviewing doctors noted that the psychological evaluation performed was too subjective. Dr. Strunk found fault with the psychological evaluation because he saw "no evidence that adequate testing for exaggeration or malingering was done." Dr. Ebben noted that, while it appeared Lowe may have some anxiety and depression, her results in one of the categories may have been indicative of exaggeration. Lowe's application for benefits was denied based upon the recommendations of Drs. McElwain, Strunk, and Ebben.

Lowe requested a hearing before a hearing officer. She presented additional evidence at the hearing in support of her application for disability retirement benefits. The hearing officer found that Lowe met the applicable service requirements for disability retirement under KRS 61.600 and that her position with the Louisville Water Company fell within the definition of sedentary to light work pursuant to KRS 61.600. The hearing officer found Lowe's testimony to be credible and found that the objective medical evidence supported her claim of chronic, disabling pain in her back, neck, and shoulders. The hearing officer found that, although radiographic evidence indicated that the fusion

was successful, Lowe consistently complained of pain and suffering after the surgery date. The hearing officer opined that "[p]eople who are not in pain do not typically volunteer to undergo epidurals." The hearing officer further noted that Lowe testified she obtained relief only by lying down for thirty minutes every two hours, and that it was doubtful that any employer would be able to reasonably accommodate this requirement. Thus, the hearing officer determined Lowe was physically incapacitated from performing the duties of her previous employment and recommended approval of her application for benefits.

The Board disagreed with the hearing officer, however, and, on review, denied Lowe's application for benefits. The Board found that Lowe was not permanently functionally incapacitated from her previous job. The Board's order states that Lowe failed to present objective medical evidence to establish total and permanent incapacity. Further findings included (1) that Dr. Dimar noted Lowe appeared, radiographically, to be doing well after the surgery and that, generally, x-rays showed that Lowe's fusion surgery was successful and that there was no evidence of complication, and (2) that, although Lowe had been given restrictions of no twisting, bending, squatting, crawling, or lifting anything over ten pounds, or sitting or standing for more than one hour, the medical evidence reflected that these "restrictions and opinions [were] not reliable or [did] not conflict with [her] job duties."

The Board noted that although Dr. Raque stated Lowe would occasionally climb down into trenches and ditches when fulfilling her duties for the Louisville Water Company, this was not a part of Lowe's regular job duties. It was further noted that Lowe had only been on work sites to deliver permits in the past few years. The

Board cited no other evidence to support its findings, that the restrictions Lowe's doctors placed upon her were "not reliable" or "did not conflict" with her job duties as an Engineering Clerk II. In addition, the Board made no attempt to reconcile the fact that Lowe attempted to return to work and requested reasonable accommodation from the Louisville Water Company, which responded to her by letter indicating that they could not provide her any reasonable accommodation.

Lowe appealed the Board's decision to the Franklin Circuit Court. The Franklin Circuit Court agreed with Lowe and the hearing officer, reversing the Board's decision, stating as follows:

> The Board did not reconcile either the job description or the employer's determination that accommodation could not be provided with its conclusion that Lowe was not permanently incapacitated from doing her job. Instead the Board relied on the opinions of its reviewing physicians, who summarily disregarded the opinions of Lowe's three treating physicians. Dr. Raque's opinion was disregarded because the Board assumed he had incorrectly determined that Lowe would be climbing into trenches and ditches as part of the job. Dr. Witherington's opinion was disregarded because she had not conducted a functional capacity evaluation. Dr. Dimar's opinion about Lowe's job restrictions (no lifting greater than ten pounds, no bending or twisting repetitively, need to alternate between standing and sitting every hour, and no stooping, climbing, lifting, or bending), was not deemed to conflict with Lowe's job duties.

> ... The Board has violated the plain language of the statute by ignoring the evidence of record that Lowe was incapacitated in the very respects identified.

The Retirement System now appeals to this Court, arguing on appeal that the Franklin Circuit Court erroneously overturned the Board's decision.

■■ Upon review of the denial of an application for disability retirement benefits, we accept the Board's findings of fact as true as long as they are supported by substantial evidence. *Bowling v. Natural Resources and Environmental Protection Cabinet*, 891 S.W.2d 406 (Ky.App.1994). Substantial evidence is evidence that would "induce conviction in the minds of reasonable men." *Kentucky State Racing Comm'n v. Fuller*, 481 S.W.2d 298, 308 (Ky.1972). If it is determined that the Board's findings are supported by substantial evidence, our next task is to ask whether the agency has correctly applied the law to the facts as found. *Kentucky Unemployment Ins. Comm'n v. Landmark Cmty. Newspapers of Kentucky, Inc.*, 91 S.W.3d 575, 578 (Ky.2002). Where the finding of the Board is against the applicant for benefits, however, we ask on review whether the evidence in the applicant's favor was so overwhelming as to compel a finding in her favor. *McManus v. Kentucky Ret. Sys.*, 124 S.W.3d 454, 458 (Ky.App.2003).

■ The Retirement System argues that the Board's decision was supported by substantial evidence and that the Franklin Circuit Court abused its discretion by reinterpreting the merits of the claim and by holding that the Board did not provide adequate justification for overturning the hearing officer. We disagree. Indeed, upon a review of the Board's opinion, it appears the Board misconstrued applicable statutes and erred in its interpretation of the law.

The Retirement System acknowledges in its brief that all four of Lowe's treating physicians found her to be disabled due to her back condition and unable to return to

her previous position. The Retirement System further acknowledges that the psychologist responsible for evaluating Lowe's functional capacity also found she would be unable to return to her previous position. Nonetheless, the Retirement System found that there was "no objective medical evidence" that Lowe was disabled. This was clearly error.

KRS 61.600(3) requires that an application for disability retirement benefits be supported by "objective medical evidence by licensed physicians[.]" Under KRS 61.510(33), objective medical evidence includes, *inter alia*, "reports of examinations or treatments," *or* "laboratory findings" which are advanced by medically acceptable diagnostic techniques. *Id., as amended by* 2011 Kentucky Laws Ch. 52 (HB 229).

Lowe came forward with voluminous reports of examinations and treatments from her treating physicians. The Retirement System relied upon x-rays done after Lowe's surgery showing that the screws had fused. The Retirement System then concluded that this laboratory finding constituted objective medical evidence while the various reports of examinations and treatments by Lowe's treating physicians did not.

The Retirement System suggests that the findings of each of Lowe's four physicians do not constitute "objective medical evidence" because they were heavily based upon Lowe's subjective complaints of pain. This argument cannot stand. Treating physicians' reports are clearly objective medical evidence. While the Retirement System is at liberty to point to other objective medical evidence to contradict the findings of treating physicians when denying a claim, and while the Retirement System is at liberty to give greater weight to its own reviewing physicians if it so chooses, it may not discount treating physicians' reports as failing the standard of objective medical evidence. *Kentucky Ret. Sys. v. Bowens,* 281 S.W.3d 776 (Ky.2009). Indeed, simply because a physician's diagnoses are based in part upon the subjective complaints of a patient (such as pain) does not remove them from the realm of objective medical evidence. The opinions and conclusions of a treating physician must be considered objective medical evidence for purposes of KRS 61.600.

Regardless, we note that it would appear by overwhelming evidence that Lowe was disabled from her previous occupation, such fact being supported by the unanimous opinions of four treating physicians and one psychologist. As the Board erred as a matter of law in concluding that Lowe failed to present "objective medical evidence" to establish her disability, we affirm the Franklin Circuit Court.

ALL CONCUR.