RENDERED:  SEPTEMBER 18, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-000624-MR

KENTUCKY RETIREMENT SYSTEMS                                        APPELLANT


APPEAL FROM FRANKLIN CIRCUIT COURT
v.          HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 18-CI-00263


JANET MCKNIGHT                                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND MCNEILL, JUDGES.

ACREE, JUDGE:  The Kentucky Retirement Systems appeals the Franklin Circuit

Court's March 19, 2019, opinion and order overruling the decision of the Kentucky

Retirement Systems Medical Review Board and directing benefits be awarded to

the claimant, Janet McKnight.  Upon a review of the record, we affirm.

## BACKGROUND

McKnight was employed as a cook/baker in the Calloway County Schools cafeteria for sixteen years. She was employed from August 6, 1999 to September 14, 2015. Her duties were characterized as "medium" work, which "involves lifting no more than fifty (50) pounds at a time with frequent lifting or carrying of objects weighing up to twenty-five (25) pounds." KRS[1] 61.600(5)(c)3. She was required to (1) lift up to fifty pounds of various food items; (2) put away cases of stock; (3) pull cases of stock from the freezer; (4) lift and hold pans of food; (5) sweep and mop floors; (6) serve hot food; and (7) prepare food.

McKnight began to struggle with her job duties, so her employer allowed her to use a corn bag for her neck and a TENS unit[2] on her back during breaks, gave her a mat for standing, raised her work station, and had employees assist with lifting. Her doctor ultimately placed her on a twenty-five-pound weight restriction. Her condition prompted her to apply for disability pursuant to KRS 60.600. She alleged disability due to spine and neck arthritis, fibromyalgia, myofascial pain syndrome, short bowels, anxiety, and shoulder problems. However, her application was denied twice based on the recommendation of Dr. Merz, Dr. Keller, and Dr. Mullen – the Medical Review Board doctors.

---

[1] Kentucky Revised Statutes.

[2] Transcutaneous electrical nerve stimulation unit.

McKnight requested a hearing before a hearing officer. At the hearing, she presented evidence in support of her application for disability. The hearing officer found McKnight credible and that the objective medical evidence supported her disability claim. However, on January 25, 2018, the Board rejected the hearing officer's findings and denied McKnight's disability claim. The Board concluded that based on objective medical evidence McKnight failed to demonstrate that from the last day of paid employment, her medical issues prevented her from performing her job duties.

McKnight then appealed the Board's decision to the Franklin Circuit Court. The Franklin Circuit Court agreed with McKnight and the hearing officer, reversing the Board's decision. The Retirement Systems now appeals to this Court, arguing on appeal that the Franklin Circuit Court erroneously overturned the Board's decision.

## STANDARD OF REVIEW

Upon review of the denial of an application for disability retirement benefits, we accept the Board's findings of fact as true as long as they are supported by substantial evidence. *Bowling v. Nat. Res. and Envtl. Protection Cabinet*, 891 S.W.2d 406, 409 (Ky. App. 1994). Substantial evidence is evidence that would "induce conviction in the minds of reasonable men." *Kentucky State Racing Comm'n v. Fuller*, 481 S.W.2d 298, 308 (Ky. 1972) (citation omitted). If it

is determined that the Board's findings are supported by substantial evidence, our next task is to ask whether the agency has correctly applied the law to the facts as found. *Kentucky Unemployment Ins. Comm'n v. Landmark Cmty. Newspapers of Kentucky, Inc*., 91 S.W.3d 575, 578 (Ky. 2002). Where the finding of the Board is against the applicant for benefits, however, we ask on review whether the evidence in the applicant's favor was so overwhelming as to compel a finding in her favor. *McManus v. Kentucky Ret. Sys*., 124 S.W.3d 454, 458 (Ky. App. 2003).

## ANALYSIS

The Retirement Systems argues the Franklin Circuit Court erred by disregarding case law, specifically *Bradley v. Kentucky Retirement Systems*, 567 S.W.3d 114 (Ky. 2018). Instead, it believes the court improperly relied upon *Kentucky Retirement Systems v. Lowe*, 343 S.W.3d 642 (Ky. App. 2011). We do not find that these two cases conflict and, therefore, the Franklin Circuit Court did not misplace its reliance on *Lowe*.

In *Bradley*, an application for retirement benefits was denied because the Board determined Bradley did not prove she was permanently incapacitated by Lyme disease and related depression. The Franklin Circuit Court reversed the Board's decision but was overturned by this Court. The Kentucky Supreme Court then took discretionary review and held that substantial evidence supported the Board's decision to deny disability benefits and the evidence in favor of Bradley

-4-

was not so compelling that all reasonable persons would have found it persuasive. In *Bradley*, unlike in this case, there was overwhelming evidence supporting both positions. Still, the Retirement Systems wants this Court to find substantial evidence supported the Board's decision, as in *Bradley*. We decline to do so.

It is appropriate on appellate review, at every level, to consider whether the denial is supported by substantial evidence. If there is substantial evidence supporting the Board's decision, the court should then consider whether the evidence was so compelling that no reasonable person could fail to be persuaded. The only evidence supporting the Board's decision was that of its own reviewing physicians. And, here, there was substantial evidence supporting the outcome reinstated by the Franklin Circuit Court. Upon review of the Board's decision, it appears the Board misconstrued applicable statutes and erred in its interpretation of the law.

McKnight's treating physicians found she suffered from fibromyalgia and was likely to have osteoarthrosis with myofascial pain worsened by her job duties. They also found she suffered from chronic neck and shoulder pains, anxiety, and cervical DDD. Nevertheless, the Board found there was no objective medical evidence that McKnight was disabled because its own reviewing doctors did not agree McKnight was permanently disabled. This was clear error on the Board's part.

KRS 61.600(3) requires an application for disability requirements to be supported by "objective medical evidence by licensed physicians[.]" This includes any reports, lab results, or treatments undertaken by physicians. Here, McKnight provided reports from her physicians and treatments given by those physicians. McKnight's doctors gave her pain treatment by means of therapy and injections.

The Board discounted entirely the testimony of McKnight's doctors, finding it did not constitute "objective medical evidence" because it was based on McKnight's subjective complaints of pain. As in *Lowe*, we find the treating physicians' reports are clearly objective medical evidence. The Board is at liberty to point to other objective medical evidence, such as its own reviewing physicians; however, it cannot discount the treating physicians' reports. *Lowe*, 343 S.W.3d at 647.

We hold the Franklin Circuit Court did not inappropriately reweigh the evidence. It merely corrected the Board's error in concluding McKnight failed to present objective medical evidence establishing her disability. Therefore, we affirm the Franklin Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Leigh A. Jordan Davis
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Donna Thornton-Green
Paducah, Kentucky